[No. 3924.]

PERRY ET AL v. THE CITY OF DENVER ET AL.

CITIES AND TOWNS—ANNEXATION OF CONTIGUOUS TERRITORY—RETROSPECTIVE LAWS.

The electors and taxpayers of a town presented to the county court a petition to dissolve the municipality and annex the territory embraced therein to a contiguous city in pursuance of the statutes relating to the annexation of contiguous territory. An order was granted on the petition submitting the questions of dissolution and annexation to the qualified voters of the town at the next general election of the town. Subsequent to the granting of the order and before its submission to the voters, the legislature amended the law by enacting a new provision that no order should be made by any county court submitting the question of annexation, nor should the report of the result of an election on the submission of such question be approved unless the city to which the annexation was proposed to be made consented thereto by ordinance. *Held*, that the amendment was applicable to the pending proceedings and was not retrospective in contemplation of the constitution and statutes, and the county court properly refused to approve the report on the election in favor of the annexation without an ordinance by the city, to which annexation was to be made, consenting thereto.

*Error to the County Court of Arapahoe County.*

27    93
f37   227
37    228

Pursuant to the provisions of "an act to provide for contiguous towns and cities to become annexed" (Session Laws, 1893, 451; Laws, 1895, 344; 3 Mills' Ann. Stats., section 4389*h* *et seq.*) the individual plaintiffs in error, electors and taxpayers of the town of Fletcher, presented a petition to the county court praying that this municipality be dissolved, the territory embraced therein annexed to the city of Denver, and that the court direct an order to be entered requiring the proper authorities to submit the question of such dissolution and annexation to the qualified voters of the town. On this petition the court ordered that these questions be submitted at the next general election of the town of Fletcher. Two days after this order, the legislature amended the above entitled act, by which it was provided that no order should be made by any county court submitting the question of dissolution and annexation of a contiguous town or city to another, nor should the report of the result of an election on the submission of such questions be approved unless the city to which the annexation was proposed to be made consented thereto by ordinance. Session Laws, 1897, 272. This amendment took effect upon its passage, and was an entirely new provision. Subsequent to this amendment the requisite notice was given, and, at the election designated, a majority of the votes cast were in favor of annexation. The city of Denver passed no ordinance consenting thereto, and the report of the election, a request for a decree dissolving the town of Fletcher, and annexing the territory embraced therein to the city of Denver, was denied for this reason. From this judgment the original petitioners and the town of Fletcher bring the case here for review on error.

Counsel for plaintiffs in error contend that the court erred in holding that the amendment passed after the presentation of the petition, and the order thereon, was applicable to the proceedings for two reasons: (1) That the act of March 17, 1891 (Session Laws that year, 366; 3 Mills' Ann. Stats., section 4189*a*,) which provides that the amendment of any statute shall not have the effect to release, extinguish, alter,

modify or change, in whole or in part, any penalty, forfeiture or liability, either civil or criminal, which shall have been incurred under such statute unless the amending act so provides, operated as a general saving clause, limiting the application of the amendment to future proceedings; and (2) that the amendment did not affect such proceedings on account of the provision of the constitution against retrospective legislation.    Section 11, article 2, Constitution.

Mr. GUY LeR. STEVICK, for plaintiffs in error.

Mr. GEORGE C. NORRIS, Mr. EMERSON J. SHORT and Mr. WARWICK M. DOWNING, for defendants in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

The general saving character of the act of 1891, *supra*, is limited in its application to those acts which relate to a penalty, forfeiture or liability, either civil or criminal, incurred under such acts.    The statutes under which the petition was filed and the preliminary order obtained do not relate to subjects of this character, and, for that reason, are not affected by the act in question.

In passing upon what is termed "retrospective law," various definitions have been given, dependent largely upon the particular facts presented in each case, but one generally accepted, which appears to fully cover the subject, in so far as the case at bar is concerned, is to the effect, that a law is retrospective in its legal sense which takes away, or impairs, vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past.    Rapalje & Lawrence's Dictionary; *Society v. Wheeler*, 2 Gall. 105; *Evans v. City of Denver*, 26 Colo. 193; *D., S. P. & P. R. Co. v. Woodward*, 4 Colo. 162; *Day v. Madden*, 9 Colo. App. 464.

The right granted contiguous towns and cities to unite upon compliance with the conditions specified in the act on

the subject, was a mere privilege which might be exercised, by the towns and cities to which it was extended; but until that privilege was accepted by at least a completion of the steps necessary to observe to effect annexation, it was within the control of the legislature to direct what requirements were necessary to effect that result, which did not impair the proceedings already had. That the original petitioners had taken certain preliminary steps having for their object the annexation of the town of Fletcher to the city of Denver, gave them no vested right to have such proceedings conducted to final determination under the law as it then existed, because a right cannot be considered vested unless it be something more than such a mere expectation as may be based upon an anticipated continuance of a present given law. Cooley's Constitutional Limitations, *359. The only possible right they could insist upon, was, that the steps already taken should not be impaired. These were not affected by the amendment; the requirement relative to the consent of the city of Denver only affected the action of the court on the report of the election, and did not annul its order directing the submission of the question of annexation to the voters of the town of Fletcher.

The requirement of the amendment, in so far as it relates to these proceedings, was, that the city of Denver should consent to the annexation before the report of the result of the election could be approved. This was merely a further condition, under which annexation could be effected. True, it was a new feature, but in prescribing it the proceedings already had were not in any manner affected, for it operated only upon contingencies happening after its passage. This did not create a new obligation, impose a new duty, or attach any new disability in respect to the steps taken by petitioners at the time it went into effect, and was, therefore, not retrospective. Without the consent of the city, the court could not approve the report on the election. The judgment of the county court is affirmed.

*Affirmed.*