# OGDEN CITY v. INDUSTRIAL COMMISSION OF UTAH.

No. 3557.   Decided November· 23, 1920.   (193 Pac. 833.)

1. MASTER AND SERVANT—COMPENSATION AWARD, SUPPORTED BY SOME EVIDENCE, CONCLUSIVE ON REVIEW. Where there was some substantial evidence before the Industrial Commission to justify its conclusion as to dependency under the Workmen's Compensation Act, an award based thereon must stand.

2. MASTER AND SERVANT—COMPENSATION ACT LIBERALLY CONSTRUED. The Workmen's Compensation Act should be liberally construed, ·and doubts respecting the right to compensation should be resolved in favor of the employé or his dependents.[1]

3. MASTER AND SERVANT—MINOR'S MOTHER PARTIALLY DEPENDENT WITHIN COMPENSATION ACT, THOUGH NECESSARIES WERE FURNISHED BY FATHER. Where a minor son made substantial contributions to his mother's support, and paid bills which assisted her in maintaining the accustomed standard of living of the family, the fact that the mother was not dependent on the son for the bare necessities of life, which were furnished by her husband, will not prevent an award under the Workmen's Compensation Act on the theory of her partial dependency.

4. MASTER AND SERVANT—EMPLOYER NOT ENTITLED TO CREDIT UNDER COMPENSATION ACT ON ACCOUNT OF PAYMENT OF SALARY UP TO DEATH. Where a municipality paid a policeman's salary from the date of injury to his death, such payments having been made solely as salary, the municipality is not on proceedings for compensation under the Workmen's Compensation Act entitled to credit on account of such payments.

Original proceeding by Ogden City against the Industrial Commission of Utah to review an award under the Workmen's Compensation Act in favor of John Smalley and Alice Smalley, his wife, on account of the death of their minor son, Albert G. Smalley, a special policeman employed by Ogden City.

[1] *Chandler* v. *Industrial Com.*, 55 Utah 213, 184 Pac. 1020.

AFFIRMED.

*Henderson & Johnson,* of Ogden, for plaintiff.

*Joseph Chez,* of Ogden, for defendant.

WEBER, J.

The Industrial Commission of Utah, on the application of
John Smalley and his wife, Alice Smalley, awarded com-
pensation under the Workmen's Compensation Act (Laws
1917, c. 100, amended by Laws 1919, c. 63), in the sum of
$1,442.50, together with hospital, funeral, and burial ex-
penses, to Alice Smalley against Ogden City for partial de-
pendency based on the death of applicants' son, Albert G.
Smalley. At the date of his death the son was 19 years of
age and unmarried. He was a special motorcycle policeman
employed by Ogden City. On November 9, 1919, while on
duty as such policeman, Albert G. Smalley was injured in a
collision between an automobile and the motorcycle on which
he was mounted. He died April 9, 1920, as a result of the
collision.

Up to the time of his death Albert Smalley lived with his
parents and regularly paid his mother $40 per month for his
board and room. In addition he paid for the telephone $3
per month, and for ice, from $3.50 to $4 per month, during
the summer months of each year. He also bought shoes and
wearing apparel for his mother at Christmas and on her
birthday, and made other purchases for her and other mem-
bers of the family. The money paid by Albert for his board
and room was used by Mrs. Smalley for her own needs.
Plaintiff's principal contention is that the record contains no
evidence to support the award, and that there is no evidence
that Mrs. Smalley was partially dependent upon the deceased.

Partial dependency is primarily a question of fact. As
there was some substantial competent evidence before the
commission to justify its conclusion, the award must stand.
No procrustean rule can be applied to measure par-

tial dependency, but the question in each instance must be decided according to the facts. The law should be liberally construed in favor of the injured workman and his dependents, and "in case there is any doubt respecting the right to compensation, such doubt should be resolved in favor of the employé or of his dependents as the case may be." *Chandler* v. *Industrial Com.*, 55 Utah 213, 184 Pac. 1020. Albert Smalley had made contributions to his mother's support, and had given her substantial financial assistance, paying the telephone and ice bills, and thereby assisting in maintaining the accustomed standard of living of the family. The fact that the mother was not dependent on the son for the necessities of life, which she received from the husband, would not and should not deprive her of compensation if her son rendered material assistance in maintaining her in a condition suited to her station in life. *In re Stewart* (Ind. App.) 126 N. E. 42.

Complaint is made by plaintiff that no credit was given by the commission for payment of salary made to the deceased from the date of his injury to his death. These payments were made wholly as salary, and not as compensation. The award dates from the date of his death, and not from the date of his injury. Therefore, in making an award because of the death, it was proper not to credit Ogden City with any amount that was paid to the injured employé as salary.

The award of the commission is therefore affirmed, with costs.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.