ALICE WILSON, Appellant, v. CITY OF CEDAR RAPIDS, Appellee.

No. 40315.

June 23, 1930.

*E. A. Johnson*, for appellant.

*Charles Penningroth* and *David Bleakley*, for appellee.

Morling, C. J.—The demurrer presents the question, which of two statutes prescribing the condition precedent to maintenance and limitation of time to bring this action,—whether Section 6734, Code, 1927, in the chapter relating to cities under special charter, or Section 11007, Subdivision 1, relating to actions against municipal corporations generally,—applies to this defendant? Defendant was formerly a special charter city. Since 1908, it has been a city under the commission form of government. Plaintiff did not comply with the provisions of Section 6734, and, therefore, if that section is applicable, is barred from maintaining the action. If Section 11007, Subdivision 1, is applicable, the action, so far as the condition precedent and limitation are concerned, may be maintained.

Section 6734, Code, 1927, is Section 1051 of the Code of 1897, which is its last enactment. Section 1051 reads:

"In all cases of personal injury or damage to property resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation or its officers to perform their duties, no suit shall be brought against any such city after three months from the time of the injury or damage, and not then unless a written verified statement of the amount, nature and cause of such injury or damage,

and the time when and the place where such injury occurred, and the particular defect or negligence of the city or its officers which it is claimed caused or contributed to the injury or damage, shall be presented to the council or filed with the clerk within thirty days after said alleged injury or damage was sustained.''

Section 1051 is found in Chapter 14, Title V, Code, 1897. By Section 933, Code of 1897, the provisions of Chapter 14 "shall apply only to cities acting under special charter, and no provisions of this Code, nor laws hereafter enacted, relating to the powers, duties, liabilities or obligations of cities or towns, shall in any manner affect, or be construed to affect, cities while acting under special charter, unless the same have special reference or are made applicable to such cities.'' Section 933, Code of 1897, was re-enacted by the codifying act Senate File 182, Section 1, Acts of the Fortieth Extra General Assembly (Section 6730, Code of 1924). At the time of this re-enactment, defendant was no longer a special charter city. Defendant was, therefore, by the terms of such re-enactment, excluded from the operation of Section 1051, Code, 1897 (Section 6734, Code, 1927), unless the applicability of Section 1051 was preserved by some other statute. Defendant argues that the applicability of Section 1051, Code, 1897 (Section 6734, Code, 1927), was preserved by Sections 6567–6569, Code, 1927. These sections are a part of Chapter 48, Laws of the Thirty-second General Assembly, and (though since amended in particulars not here material) are still the law. Chapter 48, Laws of the Thirty-second General Assembly (enacted in 1907), is the statute under which defendant is now organized. Section 1, Chapter 48, Laws of the Thirty-second General Assembly, provides:

"That any city * * * with special charter * * * may become organized as a city under the provisions of this act * * *''

Section 3 (now, with amendments, Sections 6567 to 6569, inclusive, Code, 1927), declares that:

"All laws governing cities of the first class and not inconsistent with the provisions of this act, and Sections 955, 956, 959, 964, 989, 1000, 1023, and 1053 of the Code now applicable to special charter cities and not inconsistent with the provisions of

this act, shall apply to and govern cities organized under this act. * * * all rights and property of every description which were vested in any such city under its former organization, shall vest in the same under the organization herein contemplated, and no right or liability either in favor of or against it, existing at the time, and no suit or prosecution of any kind shall be affected by such change, unless otherwise provided for in this act.''

This section specifically names the particular sections of the Code of 1897 applicable to cities under special charters which shall apply to cities organized under the commission form of government. Section 1051, Code, 1897 (Section 6734, Code, 1927), is not one of them. On the principle of ''expressio unius,'' the application of Section 1051 to cities thereafter organized under the commission form is excluded. Section 3, Chapter 48, Laws of the Thirty-second General Assembly, should be given consistent and harmonious interpretation and operation, and this very plain purpose of the statute to exclude the operation of Section 1051 from operation to cities organized under the commission plan should not be defeated by unnecessary implication from a later clause in the same section.

Moreover, the language of the later clause is such that it does not, of itself, preserve a mere remedy or retain a pre-existing limitation of time for bringing suit. The language is:

''* * * all rights and property * * * which were vested in any such city under its former organization, shall vest in the same under the organization herein contemplated, and no right or liability either in favor of or against it, existing at the time, * * * shall be affected by such change * * *''

The then existing statute governing the condition precedent and limitation of action to recover for a subsequent tort was not a ''right,'' was not ''vested,'' was not ''existing at the time.''

The statute applicable to municipal corporations generally, including those organized under the commission form, was Section 3447, Code of 1897, which provides:

''Actions may be brought within the times herein limited * * *

''1. Those founded on injury to the person on account of defective roads, bridges, streets, or sidewalks, within three months, unless written notice specifying the time, place, and cir-

cumstances of the injury shall have been served upon the county or municipal corporation to be charged within 60 days from the happening of the injury." (Code, 1927, Section 11007.)

The difference between Sections 1051 and 3447, as will be noted, so far as relevant here, is that Section 1051 (6734) requires the suit to be brought within three months, without any provision for extension, and further prescribes that, as a condition precedent to maintaining the suit at all, a specified notice must be furnished within 30 days. Section 1051 (6734), like Section 3447 (11007), Subdivision 1, is a special statute of limitation. Section 1051 (Section 6734) also prescribes a condition precedent, as does, in a different respect, Section 3447 (11007). Both sections relate to the remedy only. Section 3, Chapter 48, Laws of the Thirty-second General Assembly (Sections 6567 to 6569, Code, 1927), saves to the reorganized corporation "all rights and property * * * which were vested," and every "right or liability * * * existing at the time * * *." This action is for a tort committed years after defendant was reorganized and became a city under the commission form of government. The action in no wise involves any right existing or vested at the time of the reorganization. Defendant, so far as the statute of limitations, and so far as the condition precedent to maintaining an action on a cause thereafter originating, are concerned, had no "right" which was preserved by the clause relied on by defendant. *Norris v. Tripp,* 111 Iowa 115; *Wooster v. Bateman,* 126 Iowa 552, 557; *Collector v. Hubbard,* 12 Wall. (U. S.) 1. The action is governed by Section 11007, Code, 1927, and not by Section 6734. It was, therefore, error to sustain the demurrer.

The foregoing discussion is more extensive than the literal allegations of the petition demand; but, as the question at some stage of the case will have to be determined, and has been submitted as the practical question raised, we have thus discussed and determined it.—*Reversed.*

All the justices concur, except JUSTICE GRIMM, not participating.