The solution of the problem posed in the instant case must be determined by the interpretation of Section 1465-68a, General Code (120 Ohio Laws, 451), in effect prior to October 12, 1945, and the amendment thereof (121 Ohio Laws, 661), effective on such latter date.
Section 1465-68a, General Code (120 Ohio Laws, 451), provided in part:
"Compensation, medical, hospital and nursing expenses on account of silicosis shall be payable only in the event of temporary total disability, permanent total disability, or death, in accordance with the provisions of Sections 1465-79, 1465-81 and 1465-82 of the General Code, and only in the event of such disability or death resulting within two years after the last injurious exposure * * *."
The section, after the amendment, effective October *Page 242 
12, 1945, reads exactly as it did before, except that the word "eight," appears in place of the word, "two." It is argued and indeed it forms the basis of respondent's ruling of June 6, 1949, that the instant case is covered by the rule stated in the case of State, ex rel. Efford, v. Industrial Commission, supra.
In the Efford case, a workman died from silicosis, his death occurring more than two years after his last injurious exposure, while the two-year limitation in Section 1465-68a, General Code, was in effect, and this court held that since no application for compensation was made within the time then prescribed a right to compensation could not be asserted under the amendment of Section 1465-68a, General Code, which changed to eight years the period of time within which a claim for death by silicosis might be made.
However, the facts in the Efford case were materially different from those in the instant case. Efford had his last injurious exposure on February 13, 1943. At that time, Section 1465-68a, General Code (118 Ohio Laws, 422), was in force and provided that compensation should be payable only in the event of total disability or death resulting within two years after the last injurious exposure, which carried the right to claim compensation to February 13, 1945. On that date Efford was still alive and had suffered no total disability. On that latter date, the amendment of Section 1465-68a, General Code, extending time to eight years had not become effective. Therefore, on February 13, 1945, Efford, being still alive and having suffered no permanent disability, was forever barred from asserting any claim for compensation for silicosis and, he having no assertable claim himself which could ever come into existence, it would necessarily follow that his dependents could have no such claim. *Page 243 
In the instant case, decedent's last injurious exposure was on September 19, 1944. At that time Section 1465-68a, General Code (120 Ohio Laws, 451), provided that compensation should be payable in the event of total disability or death resulting within two years after the last injurious exposure, which would carry the right to claim compensation to September 19, 1946. However, Section 1465-68a was amended effective October 12, 1945, to extend the limitation to eight years, so that when the eight-year amendment became effective decedent had not lost a right to claim compensation in the event of total disability nor had his dependent lost her right to claim compensation for his subsequent death.
Before the two-year limitation period, during which decedent's last injurious exposure took place, had expired, the eight-year limitation became effective, and logically it became applicable to any claim which decedent or his dependent might legally then have had. There is a real and vital difference between workmen's compensation rights which became barred by the expiration of a limitation period before the extension of such period, and such rights which were not so barred when such extension became effective.
We are, therefore, of the opinion that in the instant case since the decedent had his last injurious exposure on September 19, 1944, and since Section 1465-68a, General Code, was amended effective October 12, 1945, which was within two years after such last injurious exposure, the amendment became applicable to any claim which decedent might have had for total disability and to a claim by relatrix, as such decedent's sole dependent, for the death of decedent from silicosis.
It follows that the action of the respondent in entering *Page 244 
its order of June 6, 1949, was arbitrary, unreasonable and unlawful and constituted a gross abuse of discretion and may therefore properly be attacked by an action in mandamus.
Matthias, J., in the case of State, ex rel. Bevis, v.Coffinberry et al., Industrial Commission, 151 Ohio St. 293,296, 85 N.E.2d 519, stated as follows:
"The payment of compensation to employees who have incurred occupational diseases is limited in this state to certain enumerated types of disease and no direct appeal to the courts has been provided where compensation is denied. Arbitrary, unreasonable and unlawful orders of the Industrial Commission may properly be attacked by an action in mandamus but no relief may be granted unless the relator shows gross abuse of discretion of the commission."
The writ of mandamus, as prayed for by relatrix, is allowed.
Writ allowed.
WEYGANDT, C.J., MATTHIAS, HART, ZIMMERMAN, TURNER and TAFT, JJ., concur.