Hillsborough,
Nov. 5, 1952. } No. 4145.

ALBERT E. HIRSCH *v.* HIRSCH BROTHERS, INC. *& a.*

MALVENA HIRSCH *& a. v.* SAME.

*Hamblett, Moran & Hamblett (Mr. Charles K. Hamblett* orally), for the plaintiffs.

*Paul E. Nourie* (by brief and orally), for the defendants.

DUNCAN, J. The defendants' exceptions present the question of whether at the time of the accident on June 30, 1951, Carl and

Albert Hirsch could be found to have been acting as "employees" of the insured corporation within the meaning of the Workmen's Compensation Law. The statutory definition of "employee," so far as pertinent, is as follows: "Employee, shall mean any person in the service of an employer subject to the provisions of this chapter under any contract of hire, express or implied, oral or written . . . ." Laws 1947, c. 266, s. 2 II.

The defendants contend that the evidence required a finding that Carl was acting in an executive capacity when he suffered the injury which resulted in his death; and that Albert was acting in a like capacity at the time of his injury, or if not, was "merely performing an accommodation"; and that neither was an "employee" of the corporation for purposes of compensation. The plaintiffs take the position that both could properly be found to have been acting in non-executive capacities, and further that corporate executives are within the statutory definition of employees.

The finding that Carl and Albert Hirsch were employees of Hirsch Brothers, Inc. when the accident occurred was warranted by the evidence. The fact that each of them was a stockholder, director, and officer of the employer clearly did not preclude recovery by them as employees, if their injuries arose out of and in the course of the exercise of the functions of employees rather than executives. See *White* v. *Company*, 90 N. H. 315, 319; *Higgins* v. *Shirt Company*, 129 Me. 6; *Emery's Case*, 271 Mass. 46.

According to the evidence, both brothers were regularly employed at work of a non-executive nature, for compensation at an hourly rate for an eight-hour day. On the day of the accident, prior to the trip to West Lebanon, Albert was working in the company shop in Pelham preparing equipment for a new job, and Carl was supervising excavation work in Lawrence, Massachusetts. They interrupted their work for the purpose of the trip, and probably would have resumed it upon return, had the accident not occurred. They were paid at their regular hourly rate for the time required for the trip.

Under the by-laws of the corporation, the management of the corporation was vested in a board of three directors. The brothers were the surviving directors, the third director, their father, having deceased a month previously without replacement. As a matter of practice, questions of policy were decided by the brothers outside of regular working hours, and they received no pay for services or for the performance of official duties beyond the wages paid to

them on an hourly basis. According to the by-laws, Carl, as treasurer, had "charge of all the financial affairs of the Corporation," with power to sign checks, and with the president to execute contracts binding upon the corporation. The duties prescribed for the office of president, held by Albert, were to preside at meetings, sign checks, and execute contracts. In practice, Albert ordinarily purchased supplies, small tools, and automotive parts when needed, but major purchases including those of heavy equipment, were made by Carl.

The trip during which the accident occurred was made for the purpose of inspecting a low-bed trailer, with a view to purchase. The decision to inspect the trailer had been reached by the brothers after regular working hours, on a previous evening. The question of actual purchase was left to Carl. In ordinary course he would have traveled by automobile, but to save time, he arranged on the day of the accident for Albert to fly him to West Lebanon in a plane in which the latter had an interest. If upon these facts the Hirsch brothers were employees of the corporation within the meaning of the act, it is not questioned that their injuries and the resulting death of Carl arose out of and in the course of their employment. Laws 1947, c. 266, s. 2 III.

Under the Workmen's Compensation Act as it stood before the comprehensive amendment of 1947, workmen not engaged in manual or mechanical labor had been brought within the scope of the act (cf. Brown v. Company, 82 N. H. 78; Davis v. Company, 88 N. H. 204), but legislative retention of the word "workmen" was thought to exclude from benefits employees whose functions were executive. White v. Company, 90 N. H. 315, supra. Accordingly it was then held that a treasurer and stockholder of a corporation, employed by it as a traveling salesman at a weekly salary, was entitled to compensation for injuries suffered while performing duties as salesman, rather than as an executive. Id. It was considered however that the Legislature had not then so far broadened the statute "as to wipe out the distinction between employees whose duties are those of workmen and those whose duties are of an executive nature." Id., 319.

Whether enactment of the amendment of 1947, using the word "employees" instead of "workmen" was intended to wipe out the distinction recognized in the White case need not be determined. It is sufficient that the Hirsch brothers were injured under circumstances warranting a finding that they were not then acting in

executive capacities. If it might have been found that Carl so acted in deciding whether to purchase the trailer, such a finding was not compelled. The finding that he was an employee was one that he was acting "in the service of" the company "under [a] contract of hire." *S.* 2 II, *supra.* It could be found that in inspecting the trailer he was called upon to exercise no discretion conferred upon him in any official capacity. The corporate policy that a suitable trailer should be purchased had already been decided. The determination of whether the particular trailer was suitable was a matter capable of delegation to a qualified servant. The finding and ruling that Carl was an employee was warranted by the evidence and will not be disturbed. *Cf. Rowe* v. *Rowe-Coward Co.,* 208 N. C. 484; *Wolfe Inc.* v. *Wolfe,* 154 Fla. 633.

The evidence also warranting the finding and ruling that Albert was an employee of the company was even plainer. He was present for the purpose of transporting Carl, for which he received an hourly wage. He was "rendering an act of service in driving." *Donovan* v. *Mills,* 90 N. H. 450, 452. The language of the *Donovan* case is equally applicable to both Albert and Carl: "In his journey . . . he was an employe in the performance of an errand for his employer, whatever his means of locomotion . . . ." The conclusion reached by the Trial Court is supported by *White* v. *Company, supra,* and is consistent with authorities of other jurisdictions. *Mount Pleasant Mining Corp.* v. *Vermeulen,* 117 Ind. App. 33; *Stevens* v. *Industrial Comm'n,* 346 Ill. 495; *Columbia Cas. Co.* v. *Industrial Comm.,* 200 Wis. 8. See also, *Kuehnl* v. *Industrial Comm'n,* 136 Oh. St. 313; *Matter of Skouitchi* v. *Chic &c. Company,* 230 N. Y. 296; *Matter of Goldin* v. *Goldin Decorating Co.,* 247 N. Y. 603; Note, 25 Notre Dame Lawyer 586. The exceptions to the finding and ruling are overruled.

The plaintiffs' exception presents the question of whether there was error in the ruling that the date of the accident determines the amount of compensation to which Carl's dependent wife and child are entitled under the statute. The defendants rely upon *Cote* v. *Company,* 85 N. H. 444, to support the ruling. That case arose before the statute took its present form, at a time when compensation due in case of death was payable to the "legal representative [of a decedent] for the benefit of [his] dependents." P. L., c. 178, s. 20. It was then stated: "The statute might conceivably have been drawn in such a way as to give to every dependent of a deceased workman a separate right of action for the loss resulting

to such dependent from his death, but no such purpose is discernible in the present act." *Cote* v. *Company, supra,* 446.

The following language originating with Laws 1947, *c.* 266, *s.* 20, contrasts with that of the former act: "If death results from the injury, the employer shall pay to, or for the dependent or dependents of the deceased employee . . . a weekly compensation . . . ." These provisions are followed by others which indicate that the compensation is "payable to a widow . . . for the benefit of herself . . . and dependent child or children," and further provide that the Labor Commissioner may "determine in its discretion what portion . . . shall be applied for the benefit of any such child . . . and may order the same paid to a guardian." *s.* 20 I. The section indicates a legislative purpose to create in a dependent widow or child "a separate right of action for the loss resulting" (*Cote* v. *Company, supra*); and in our judgment the petition to enforce such rights is properly brought by the dependents rather than by a representative of the decedent employee. It follows that the rights of the dependents are to be determined according to the law in force at the time the rights arose, namely, upon the death of the employee.

The death of Carl Hirsch occurred on July 6, 1951. Effective on the preceding July 1, the maximum amount payable on account of death was increased from $7,500 to $9,000. Laws 1951, *c.* 74. The decree awarded compensation at the rate of $25 per week, to be paid over a period of 300 weeks. Thus a maximum of $7,500 was provided. While the deceased employee's average weekly wages do not appear, it is evident that at the rate of $1.75 an hour, for at least forty hours a week they would not have been less than $70. If the case had been governed by Laws 1947 as amended by Laws 1949, *c.* 202, *s.* 1, the plaintiff dependents would have been entitled to compensation "equal to sixty-six and two-thirds per cent of the deceased employee's average weekly wages" but not more than thirty dollars per week. This would have been more than the weekly payment awarded by the Court. The fact that the order was for $25 only, may indicate that it was mistakenly thought to be governed by the original provisions of the act (Laws 1947, *c.* 266, *s.* 20) fixing a weekly maximum of $25, and that the amendment of 1949 increasing the maximum to $30 was overlooked. The amendment of 1951, *supra,* which the Court ruled did not apply, retained the weekly maximum of $30, but increased the total maximum from $7,500 to $9,000. The decree should have been entered

in accordance with the last amendment, and must be vacated.

The plaintiff dependents are entitled to compensation equal to two-thirds of Carl Hirsch's average weekly wages, not exceeding $30 per week, for a period not exceeding three hundred weeks and in a total amount not exceeding $9,000. Laws 1951, c. 74, s. 1, *supra*.

> *In the action of Albert Hirsch, judgment for the plaintiff; in the action of Malvena and Robert Hirsch, plaintiffs' exception sustained, decree vacated.*

All concurred.