268 P.2d 689

**SILVER KING COALITION MINES CO. et al.**

v.

**INDUSTRIAL COMMISSION et al.**

No. 8029.

Supreme Court of Utah.

March 31, 1954.

2

---

Shirley P. Jones, Salt Lake City, for plaintiffs.

E. Richard Callister, Jr., Atty. Gen., Walter L. Budge, Asst. Atty. Gen., Andrew R. Hurley, Salt Lake City, for defendants.

McDONOUGH, Justice.

Certiorari to review an award of the Industrial Commission of Utah to Lorna Mitchell against the employer of her deceased husband and its insurance carrier for the death of her husband as a result of an occupational disease, silicosis.

Glade Mitchell was employed by the plaintiff Silver King Coalition Mines Company from 1938 to 1949 and died in the Utah State Tuberculosis Sanitorium in 1952, a little more than three years after leaving that employment. In evidence were X-rays taken in 1947, 1948, and 1950, none of which showed the characteristic X-ray pattern of nodules of fibrous tissue disseminated throughout both lungs by which a diagnosis of silicosis can be positively made. The entire file on the deceased's illness is somewhat confused as to the exact cause of his illness, and his application for compensation for disability due to silicosis filed in 1950 was never acted upon because of this confusion; but the medical panel determined after his death and after a study of the complete record including the autopsy report, which concluded that the cause of death was a "severe, chronic, fibrocaseocabernous pneumonitis, probably tuberculous, involving all lobes of both lungs and complicated by a mild to moderate nodular silicosis," that death was due to silico-tuberculosis.

The employer contends that the Commission erred in holding that U.C.A.1953, 35–2–13(b) (3) applies to this case, rather than the previous statute, U.C.A.1943, 42–1a–13 (b) (3); which statutes set the time limits for employer liability for compensation. The latter statute provided:

"No compensation shall be paid for death from silicosis unless the death results within two years from the last day upon which the employee actually worked for the employer against whom compensation is claimed, except in those cases where death results during the period of continuous total disability from silicosis for which compensation has been paid or awarded, and in such cases compensation shall be paid if such death results within five years from the last day upon which the employee actually worked for the employer against whom compensation is claimed."

In 1951 this section was amended, U.C.A. 1953, 35–2–13(b) (3), adding a new provision:

"or (b) in those cases where death results from silicosis complicated by active tuberculosis and such silico-tuberculosis is evidenced by positive laboratory sputum tests and X-rays and other clinical findings, and in such cases compensation shall be paid if such death results within five years from the last day upon which the employee actually worked for the employer against whom compensation is claimed."

It is conceded that if the amendment does not apply, compensation cannot be awarded for the death of Glade Mitchell inasmuch as his death occurred more than three years after the termination of his employment with the mining company and he was not receiving compensation for his disability at the time of his death.

Plaintiff claims that to apply the statute presently in effect to the instant case would be to give the statute retroactive effect, which is prohibited by U.C.A.1953, 68–3–3: "No part of these revised statutes is retroactive, unless expressly so declared." Plaintiff states that its liability arose out of the employee-employer relationship maintained with the deceased and that its duties were fixed at the date of last exposure to silicious dust. The fact that the workman did not die within the two-year period fixed as a condition precedent to recovery under the Act, it contends, exonerated it from the obligation imposed by the statute.

■ The general rule is stated in 58 Am. Jur., Workmen's Compensation, § 73 to be:

"With respect to time, the right to compensation for an injury, under the workmen's compensation acts is governed, in the absence of any provision to the contrary, by the law in force at the time of the occurrence of such injury. This rule is applicable to the rights of relatives or dependents of a deceased employee, in so far as they are predicated upon the survival of the rights of the employee. But where the statute confers upon the dependents a new and independent right to compensation on account of his death, it is generally held that the right to such compensation is governed by the law in force at the time of death rather than at the time of injury, when the two events are separated in time."

■ This court has determined that the Utah Workmen's Compensation and Occupational Disease Acts were intended to create two rights of action, one in the employee and one in his dependents. Halling v. Industrial Commission, 71 Utah 112, 263 P. 78; Pacific States Cast Iron Pipe Co. v. Industrial Commission, Utah, 218 P. 2d 970. Recognizing the fact that a cause of action for the dependents of a deceased workman requires that the cause of death originate in an injury or disease compensa-

ble under the Act, our inquiry must turn to whether or not the application of the present statute would give retroactive effect to that statute. Although it is an independent right of action, an unqualified right to death benefits does not arise either at the time of the injury or last exposure or at the death of the employee. At the time of the last exposure, it is a potential right of action which may or may not mature into an enforceable cause of action, depending upon the happening of conditions subsequent. State ex rel. Bessler v. Industrial Commission, 157 Ohio St. 297, 105 N.E.2d 264. The death of Glade Mitchell was the last event which completed a cause of action in his dependents.

 A statute is not made retroactive merely because it draws on antecedent facts for its operation. Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332; Auditor General v. Olezniczak, 302 Mich. 336, 4 N.W.2d 679. A law is retrospective, in its legal sense, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past. Perry v. City of Denver, 27 Colo. 93, 59 P. 747; Deland v. Platte County, C.C., 54 F. 823.

 The claim of Glade Mitchell was before the Commission at the time of his death, and the Commission could have granted an award to the deceased under the statute giving it continuing jurisdiction, U.C.A.1953, 35-1-78, U.C.A.1943, 42-1-72, had it determined prior to his death that his claim was compensable. And this is so regardless of the expiration of the time limitation. Further, had the investigation been completed and the award made, the dependents would then have had an enforceable claim upon his death. In Utah Apex Mining Co. v. Industrial Commission, 116 Utah 305, 209 P.2d 571, this court held that the mere fact that the claim was pending would not continue the claim of the dependents inasmuch as their claim was a separate one and their remedies were determined by the portions of the Act applicable to them. To now hold that the dependents' rights to compensation must be viewed in the light of statutes existing prior to the time when they could claim would be to overrule numerous cases and fail to give effect to the often-stated purpose of the Occupational Disease Act.

No new duty is imposed upon the employer by applying the present statute, for the obligation of paying compensation to the employee, if he contracted the disease of silicosis, and to his dependents, if he died of silicosis, was, and must be, contemplated in the formation of the employer-employee relationship under the laws of Utah. There was no time at which the employer could maintain that a right to be free from this liability had vested. This right must be contingent upon the happening of conditions subsequent, an expectation that the employee would not become ill, that if

**6**

he did become ill the commission would not make an award, that he would not die, that if he did die he would not die within the period prescribed by the statute. Certainly, the employer could not maintain that his duties were fixed at the time of employment nor at the time of the injury. At the time of death, the cause of the dependents arose, although the liability to the workman ceased. Because of the many contingencies, the happening of any one of which would have created liability, the employer was not free from the possibility of a claim at any time.

Does it make a difference that the contingency which occurred was the passage of the statute increasing the length of illness before death, rather than one of the others more easily foreseeable? It is often said that a right is not "vested" unless it is something more than such a mere expectation as may be based upon an anticipated continuation of the present laws. Wilson v. City of Cedar Rapids, 210 Iowa 790, 231 N.W. 495; Brooklyn Union Gas Co. v. City of New York, 50 Misc. 450, 100 N.Y.S. 570. In Auditor General v. Olezniczak, supra, it was held that a law requiring payment for board and room in jail, passed during the time of appellant's incarceration, was not retroactive if not applied to the period before the passage of the law. In Bedford v. White, 106 Colo. 439, 106 P.2d 469, the Colorado court held that pensions were valid as to judges whose terms had expired prior to the passage of the act

granting them and in McNichols v. Walton, 120 Colo. 269, 208 P.2d 1156, that an amendment to a compensation law applied to the widow of a policeman who died prior to the enactment of the amendment. These courts held that an act is not retroactive if it applies to persons who presently possess a continuing status even though a part or all of the requirements to constitute it were fulfilled prior to the passage of the act or amendments thereto.

In the instant case, the widow of Glade Mitchell held the status of one falling within the provisions of the Occupational Disease Act at all times. The amendment was enacted before Glade Mitchell's claim was barred and hence before his dependents' rights were barred. Whether or not the amendment would apply to the workman's claim is not here decided; the cause of action of his dependents had not yet arisen, even though the greater part of the incidents necessary to the maintenance of the action had occurred, and thus the statute applies to them.

■ Plaintiff cites to us cases of wrongful death and employer's liability holding that the time limitations for bringing action are a part of the right and not a limitation of remedy and hence cannot be made retroactive. However, inasmuch as the amendment here is applied to a cause of action coming into existence after the effective date and no vested right falls to the application of the statute, we hold that it is not retroactive in its effect. Other states which

have interpreted their statutes as giving two causes of action are in accord with us: State ex rel. Venys v. Industrial Commission, 153 Ohio St. 238, 91 N.E.2d 7; State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N.W. 661; Warner v. Zaiser, 184 Minn. 598, 239 N.W. 761; Hansen v. Brann & Stewart Co., 90 N.J.L. 444, 103 A. 696; Hirsch v. Hirsch Bros., 97 N.H. 480, 92 A. 2d 402.

The second contention of plaintiff in this case is that the deceased did not die as a result of silicosis as defined by the Occupational Disease Disability Statute. U.C.A. 1953, 35–2–13(b) (3), supra, allows recovery where "such silico-tuberculosis is evidenced by positive laboratory sputum tests and X-rays and other clinical findings" and in U.C.A.1953, 35–2–28, silicosis is defined as a "chronic disease of the lungs caused by the prolonged inhalation of silicon dioxide dust ($SiO_2$) characterized by small discrete nodules of fibrous tissue similarly disseminated throughout both lungs, causing a characteristic X-ray pattern, and by variable clinical manifestations."

█ A very narrow interpretation of these provisions might require that the patient evidence silicosis by each of the tests outlined above, because of the use of the conjunction "and." However, this court has consistently adhered to the rule that the Workmen's Compensation Acts should be liberally construed in favor of the employee or his dependents, Park Utah Consolidated Mines v. Industrial Comm., 84 Utah 481, 36 P.2d 979; Ogden City v. Industrial Comm., 57 Utah 221, 193 P. 857; and to require that, regardless of the fact that a panel of doctors determined that death resulted from silico-tuberculosis, unless deceased's illness conforms to textbook descriptions the dependents cannot recover, would certainly violate this rule.

█ In this case, there was a positive sputum test, and there was a diagnosis of the presence of silica, based upon X-ray, although the characteristic pattern was not formed. Dr. Richards, expert witness for the plaintiffs, testified that "where you have an extensive pattern which is typical of infection [tuberculosis] if there is a silicotic pattern present, why, it's so masked that you frequently can never detect it," and further testified that the X-ray is not infallible in the diagnosis of silicosis and that the autopsy technique of analyzing the lung content may be the only means of making positive diagnosis "because an X-ray can be masked by so many different things." In the case of Silver King Coalition Mines Co. v. Industrial Commission, 115 Utah 336, 204 P.2d 811, this court ruled that where the cause of death of an employee was doubtful, it was an abuse of discretion on the part of the Industrial Commission to refuse to order an autopsy to determine whether silicosis was the cause of death. In view of the medical testimony regarding the difficulty of detecting silicosis, we are constrained to hold that the definition of silicosis was intended as a guide for deter-

mining its presence and not as a group of hard and fast rules which must be met before an employee with silicosis or his dependents might recover. The medical experts, both plaintiff's and defendant's, testified that they concluded upon the findings of the entire file that the cause of death was silico-tuberculosis. This is ample evidence upon which to uphold the Commission's award.

Affirmed. Costs to defendant.

CROCKETT and WADE, JJ., concur.

HENRIOD, Justice.

I dissent. At the time decedent left plaintiff's employment, his dependents had a claim *if* he died within 2 years from silicosis. Shortly before this 2-year period expired, the Legislature extended the time from 2 to 5 years within which, if death occurred, dependents might receive benefits. If the majority opinion is correct, we are allowing dependents to recover on a new claim, non-existent at the time deceased left the employer, and non-existent under statutes then governing. Suppose the amendment had proposed to wipe out any claim of the dependents, even though the employee died from silicosis within the 2-year period? Wouldn't we then talk about "vested rights"? Can you make such rights less vested or vested for a longer period by a statute passed after such vesting? And suppose the legislature added several new contributing causes of death? Is there any reason why it could extend the time to file claims, but could not add new causes of death?

I believe insurance carriers should have some reasonable means of determining the extent of their liability. The carrier's rates no doubt were based on an expectation of liability for only 2 years after an employee left his employment,—not for 5 years. Had the insurance carrier anticipated that the 2 year period effectively could be extended by the Legislature after the contingency of non-employment had occurred, it would seem to be impossible for its actuarial department intelligently to fix even fairly accurate rates. It takes little imagination to guess that had the carrier known of such possibility, sound business practice would have demanded a hike in rates as a buffer against such legislative eventuality.

Suppose in the instant case, after the carrier accepted the risk based on a statute requiring death within two years to establish liability, the legislature had increased the period within which dependents could recover if death occurred, to 25 years? Would the insurance carrier be required to assume the risk, under its agreement, from 2 to 25 years?

It seems to the writer that the law existing at the time when the employee leaves his job, should govern his rights and those of his dependents, otherwise we are inviting confusion, discouraging private carriers from assuming the risk, and perhaps are raising a constitutional problem relating to due process.

WOLFE, C. J., does not participate herein.