Marguerite BIDWELL, Appellant,

v.

Mrs. A. F. SCHEELE, Appellee.

No. 14.

Supreme Court of Alaska.

Sept. 27, 1960.

John E. Manders, Anchorage, for appellant.

James E. Fisher, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Associate Justice.

As nearly as we can determine from a record that is far from enlightening and briefs which are very inadequate, the question here presented is this: Did the provision of Section 16–1–131, Alaska Compiled Laws Annotated 1949,[1] which re-

---

1. The section in its entirety reads as follows:

"In any action, suit, or proceeding for the recovery of lands sold for taxes under the provisions of this act, except the taxes have been paid or the lands redeemed as herein provided, the party claiming to be the owner against the holder of the tax title must with his complaint or answer tender and pay into the court the amount of taxes for the payment of which the lands were sold, and penalty and interest and costs of sale, and interest from the date of sale at the

quired a person claiming to be the owner of specific lands and desiring to litigate the title thereto as against the holder of the tax title to pay into court with his first pleading the amount of taxes for the payment of which the lands were sold, plus taxes paid by the purchaser after the sale, constitute a vested right in the holder of the tax title? The question is prompted by the fact that Section 16–1–131 was repealed[2] after the sale and issuance of a certificate of sale in this case but before the commencement of the action. The repealing statute contained no saving clause. While Alaska does have a general saving statute,[3] it is of no advantage to the holder of the tax title, for the reason that we shall later point out.

Fortunately, the facts of this case are not too involved. The appellant Bidwell, as plaintiff below, under claim of ownership and possession of the subject real property, situated within the City of Anchorage, Alaska, commenced this action on August 18, 1958, in the District Court for the District (Territory) of Alaska, Third Judicial Division. In her complaint she asked the court to remove the cloud on her title to the property caused by an invalid certificate of tax sale or invalid tax deed issued to the defendant Scheele; who is the appellee in this appeal. Plaintiff tendered into court, at the time of filing her complaint, the sum of $20 which she alleges to have been the purchase price paid at the tax sale.

The defendant denies ownership of the property in the plaintiff and asserts that she, Scheele, is the rightful owner by virtue of a lawful tax sale of the property to her on May 16, 1955, and the issuance of the certificate of sale to her at that time. By way of counterclaim, the defendant asks that the court put her into possession, award her damages in the sum of $2,000 for the withholding of possession by the plaintiff, order the plaintiff to leave certain personal property on the premises, and require her to pay the sum of $50 per month into the registry of the court, pendente lite, as the reasonable rental value of the property. Plaintiff denied the allegations of the counterclaim, except as to the issuance of the tax sale certificate.

The record discloses that a tax deed was not issued to the defendant until October 20, 1958. About one month later the defendant formally moved the court for the rent order prayed for in the complaint. The plaintiff did not oppose the motion. On January 30, 1959, the motion was granted. In the meantime, on January 16, 1959, the defendant filed a motion to dismiss the complaint for the reason that the $20 tender was not in full compliance with Section 16–1–131, in that it did not cover taxes accruing after the sale, which she had paid in an amount over $100. Again there was no opposition by the plaintiff. The motion was granted by minute order, also on January 30, 1959. It is to be noted that the motion was to dismiss the complaint and that the minute order merely states:

> "It is Ordered that the motion to dismiss in the above cause, be, and it is hereby, granted for the reason the plaintiff has not complied with the law in regard to payment of taxes."

It was not until April 29, 1959, that the defendant prepared and served upon plaintiff's counsel a formal written order of dis-

---

rate of fifteen per cent per annum to the date of the tax deed or certificate and also any taxes the grantee in said tax deed or certificate, or the purchaser, may have paid on said lands, with interest thereon at the rate of twelve per cent per annum from the date of such payment to the date of the filing of his complaint or answer, the said sum to be for the benefit of the holder of the tax title in case the same should fail in such suit, action or proceeding and the court shall not consider any complaint, answer or other pleading until such tender or payment shall have been made."

2. Chapter 174, S.L.A.1957, which became effective July 1, 1957.

3. Section 19–1–1 A.C.L.A.1949, as amended by Chapter 4, S.L.A. (Ex.Sess.) 1955 (§ 19–1–1 A.C.L.A.1957 Cum.Supp.). The statute was again amended by Chapter 28, S.L.A.1959, but not in any way to affect the instant suit.

missal of the action. This order was signed by the court on May 1, 1959. In deference to an existing rule of procedure which required that five days elapse between the time of service of the proposed order and the entry of the same, the court, on June 26, 1959, entered a judgment of dismissal, vacating the previous order of dismissal and again dismissing the action for the reason that the plaintiff had not complied with the law requiring payment of taxes. From the judgment of dismissal, appeal to this court by the plaintiff followed.

Originally the plaintiff raised seven points upon this appeal. These she has reduced to five in her brief, and we propose to boil them down to two and thus eliminate much repetitious matter. We shall discuss first her point which we consider paramount in the determination of this case, namely, that the court erred as a matter of law in entering a judgment of dismissal for the reason that the plaintiff had not tendered into court the full amount of taxes called for by Section 16–1–131, A.C.L.A.1949.

For some reason not apparent in the record neither counsel nor the trial court seemed to have been aware of the fact that Section 16–1–131 had been repealed by the Legislature, effective July 1, 1957. This was nearly fourteen months prior to the date on which Bidwell's complaint was filed. We have already mentioned in this opinion that the repealing statute contained no saving clause. Consequently, there was clear error in the decision of the trial court, unless the general saving statute of this State[4] is applicable to the situation confronting us here. The relevant portion of this saving statute, as amended in 1955, declares that

"The repeal or amendment of any statute shall not affect any offense

committed or any act done or right accruing or accrued or any action or proceeding had or commenced prior to such repeal or amendment * * *."

We are not concerned here with any "offense committed" or with any "action or proceeding had or commenced prior to such repeal." The term "act done", as used in the statute, could be said to comprehend the act of the defendant in purchasing the property at the tax sale; but, even if that were so, it would present no problem in this case because the repeal of Section 16–1–131 did not in any way affect the act of purchase by the defendant or whatever title she may have in the property.

■■■ The only question left, then, is whether the repeal of the statute has affected any "right accruing or accrued" of the defendant. We think it has not. While the Legislature did not define the term "right", other than as one "accruing or accrued", we construe the term as used in the statute to mean a vested right.[5] Vested property rights are protected against state action by the provision of the Fourteenth Amendment of the Constitution of the United States and by Section 7 of Article I of our state constitution, which provides that "No person shall be deprived of life, liberty, or property, without due process of law." The Fifth Amendment provides the same protection against action of the federal government.

In 1871 the Supreme Court of the United States ruled that a party cannot have any vested right in a remedy conferred by an act of Congress to prevent Congress from modifying it or adding new conditions to its exercise, or from withdrawing the remedy altogether.[6] This pronouncement was followed by the decision in Ewell v. Daggs, 1883, 108 U.S. 143, 2 S.Ct. 408, 27 L.Ed. 682,

---

4. Cited in footnote 3, supra.

5. The terms "vested" and "accrued" are used quite interchangeably in legal terminology. See Orthwein v. Germania Life Ins. Co. of City of New York, 1914, 261 Mo. 650, 170 S.W. 885, 888; and Cassard v. Tracy, 1900, 52 La.Ann. 835, 27 So. 368, 49 L.R.A. 272. Similarly "ac-

cruing" has been defined as that which will or may, at a future time, ripen into a vested right. Hartsfield Co. v. Shoaf, 1937, 184 Ga. 378, 191 S.E. 693, 695.

6. The Collector (Brainard) v. Hubbard, 1871, 12 Wall. 1, 79 U.S. 1, 20 L.Ed. 272, 276–277.

in which the Court held that a Texas statute which repealed usury laws and destroyed defenses to existing contracts on the ground of usury, does not deprive parties of vested rights. The Court declared that what the usury statute gave was a privilege that belonged to the remedy and formed no element in the rights that inhere in the contract; therefore it could be taken away by a subsequent statute. Then in 1885 it was decided by a majority of the same Court that the repeal of a statute of limitations by a state as to debts already barred violated no rights of the debtor under the Fourteenth Amendment.[7] Said the Court:

"It is much insisted that this right to defense is a vested right, and a right of property which is protected by the provisions of the Fourteenth Amendment.

\* \* \* \* \* \*

"We are unable to see how a man can be said to have property in the bar of the statute as a defense to his promise to pay. In the most liberal extension of the use of the word property, to choses in action, to incorporeal rights, it is new to call the defense of lapse of time to the obligation to pay money, property. It is no natural right. It is the creation of conventional law."

The same reasoning may be applied to the case at bar. It is our opinion that the legislature-given defense of failure on the part of the plaintiff to tender and pay taxes into court did not constitute such a "right", "vested right", or "property" in the defendant as could not be taken away by the legislature. The defense was not even a bar to the plaintiff's action, but merely a matter in abatement.

The repealing statute does nothing to impair the defendant's substantive right to appear and defend her title. It does nothing more than permit the plaintiff to proceed to litigate the title to the property in controversy without first fulfilling the condition precedent of tendering and paying into court certain taxes that the defendant might have paid on the property. A statute such as our Section 16-1-131 imposing a condition precedent to the maintenance of an action or proceeding affected the remedy only and did not create any vested right in the defendant.[8]

The second point raised by the plaintiff is that the trial court committed error in dismissing the action while a genuine issue on material facts remained undetermined, that issue being whether the plaintiff or the defendant is the owner and entitled to possession of the lands in controversy. This is actually the only point argued by the plaintiff in her brief and is predicated on the proposition that, before granting a motion to dismiss, the court must be convinced that there are no grounds or basis for relief stated in the complaint. Since we have already decided that the judgment of dismissal must be reversed because of other error committed by the District Court, we need not in this case give a definitive answer to the issue raised by the second error charged by the plaintiff.

Before concluding, we are moved to comment on the so-called brief submitted to us by counsel for the defendant. It consists of a half page and informs this court that defendant adopts for her argument, in opposition to reversal and remand, the authorities and reasons used by her in the district court in support of her motion to dismiss. It also "would urge that plaintiff had never complied with Section 16-1-131. \* \* \*" That is all. The document wholly ignores the requirements for a defendant's brief as set forth in Rules 11(a) and 11(b) of the Supreme Court (before revision).[9] We know of no rule which re-

---

7. Campbell v. Holt, 1885, 115 U.S. 620, 628, 629, 6 S.Ct. 209, 213, 29 L.Ed. 483, 486, 487.

8. The Collector (Brainard) v. Hubbard, supra; Wilson v. City of Cedar Rapids, 1930, 210 Iowa 790, 231 N.W. 495.

9. These rules which were in effect at the time appellee Scheele's brief was written, but have since been revised, required "a concise argument of the case (preferably preceded by a summary), containing a clear statement of the points of

quires us to examine the arguments made by counsel in the court below in our determination as to whether the trial court committed error. If counsel for the defendant had spent any reasonable amount of time in preparation of this appeal, it seems almost certain that he would have discovered that the statute he relied upon for a defense had been repealed. Then he would not have urged upon this court a repealed statute, without at least pointing out to the court wherein the repeal did not affect his case. We do not recommend long and involved briefs, but we do recommend substantial compliance with the rules of this court in the preparation of briefs on appeal.

The case is reversed and remanded to the Superior Court, with directions to vacate the judgment of dismissal given and entered by the District Court.

law or facts to be discussed, with a reference to the pages of record and the au-

thorities relied upon in support of each point."