Walter Lee CHERRY, Petitioner,

v.

EAGLE–PICHER COMPANY, Own Risk, and
State Industrial Court, Respondents.

No. 39586.

Supreme Court of Oklahoma.

Jan. 16, 1962.

Yount, Yount & Yount, Galena, Kan., and
Young, Young & Young, by Glenn A.
Young, Sapulpa, Okl., for petitioner.

A. C. Wallace, John R. Wallace, Melvin
H. Landers, Ben T. Owens, Miami, for re-
spondents.

JACKSON, Justice.

The present proceeding was instituted
below under the provisions of the Occupa-
tional Disease Amendment to the Work-
men's Compensation Act. 85 O.S.Supp.1959
§ 3, subdiv. (7) and (16) (m). Claimant
sought statutory benefits for permanent total
disability due to affliction with silicosis.
The State Industrial Court denied the claim
based on its finding that " * * * claimant
does not have silicosis, nor is he permanently
and totally disabled * * *". It is to be
noted that silicosis is not compensable under
the Act, unless it results in permanent total
disability. 85 O.S.Supp.1959 § 22, subdiv. 8.

In the first proposition presented on re-
view claimant asserts that this court "must"
weigh the evidence and undertake to re-
adjudicate the issues resolved by the trial

tribunal. Claimant argues that because silicosis is defined by statute, 85 O.S.Supp.1959 § 3.3, the determination of its presence or absence constitutes a jurisdictional fact, and this court will make an independent finding thereon. We cannot join in this view.

■ Once it stands established, as in the case at bar, that claimant (a) was engaged in hazardous employment; (b) stood in the relation of an employee to the person from whom compensation is sought; and (c) timely instituted the proceeding under the Act, the compensability of his claim depends on whether he sustained an accidental injury, arising out of and in the course of his employment (or whether he is afflicted with some occupational disease contracted from work-connected exposure) and has suffered disability resulting therefrom. The latter questions, we have consistently held, are issues of fact, and the trial tribunal's finding thereon is, by force of statute, binding and conclusive upon us if supported by competent evidence. 85 O.S.1951 § 26; Greer v. Sinclair Pipeline Company, Okl., 356 P.2d 356; Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741, 743; Happel v. Bell, Okl., 352 P.2d 400, 401; see, also, National Zinc Company v. Hainline, Okl., 360 P.2d 236.

Except for a period of four years spent in the armed forces, claimant remained in the continuous service of the employer from 1939 to March 4, 1956, at which time he took a "leave of absence" to become an assistant fire marshal in the State of Kansas. While engaged for the employer, he performed various duties in several of its mines situated in the tri-state area (Missouri, Kansas and Oklahoma). Claimant was apparently in good health until 1955 when he was stricken wth pneumonia, following which he began to complain of general weakness, pain and "wheezing sensation in the chest". While working for another employer, he suffered on October 2, 1956, an attack of coronary occlusion and was completely incapacitated until July 3, 1957. He never returned to his work in employer's mines. It appears undisputed that claimant was suffering from emphysema (a lung disease), which he asserted as being secondary to silicosis.

The two principal questions formed in the proceeding before the trial tribunal were: (a) was claimant afflicted with silicosis contracted while working in employer's mines; (b) if so, was he permanently totally disabled as a result of this occupational disease.

■ For the claimant, Drs. P, G and A testified that claimant was suffering from silicosis which they attributed to hazardous exposure in the mines. While Drs. G and A rated his resulting disability for performance of ordinary manual labor as permanent total, Dr. P evaluated it at 50 per centum. Thus, if the trial tribunal chose to believe Dr. P's testimony, claimant could not recover an award for silicosis under the applicable statute. 85 O.S.Supp. 1959, § 22, subdiv. 8.

Employer's expert witnesses, Drs. C and D, were of the opinion that claimant was not afflicted with silicosis. Dr. C, who had seen claimant before he ceased working in the mines, based his opinion to a large degree on claimant's history of exposure to toxic dusts and on a study of x-ray pictures taken at regular intervals between 1933–1959. The opinion of Dr. D was founded exclusively on an examination of like x-ray films.

Claimant contends that the opinion of these doctors was without probative value because neither of them was familiar with the statutory definition of silicosis, and both of them failed to give consideration to certain clinical manifestations which, it is asserted, are included in the legislative enactment.

Silicosis is defined by 85 O.S.Supp.1959 § 3.3 in this language:

" 'Silicosis' shall mean the chronic disease of the lungs caused by the prolonged inhalation of silicon dioxide dust ($S_1 O_2$), characterized by small discrete nodules of fibrous tissue similarly disseminated throughout both lungs, *causing a characteristic x-ray*

*pattern, and by variable clinical manifestations. * * * "* (Emphasis ours.)

The provisions of the quoted enactment do not prescribe any specific or exclusive methods to be followed in diagnosing silicosis. Nor do they require that any particular clinical manifestations be considered and deemed conclusive in ascertaining the presence or absence of this disease. On the contrary, the statute merely recognizes that there may be some "variable clinical manifestations" in addition to the radiograph patterns of nodular tissues, and thus leaves the physician free to employ such diagnostic aids as are accepted by the medical science. We are constrained to hold that Dr. C's view, which attributed no diagnostic value to clinical manifestations in determining silicosis, did not render his opinion incompetent. Neither can we agree that Dr. D's testimony was without probative force because based entirely on an inspection of x-ray films.

The State of Utah has a statutory definition of silicosis (U.C.A.1953, 35–2–28) which is identical with ours. In considering such definition in Silver King Coalition Mines Co. v. Industrial Commission, 2 Utah 2d 1, 268 P.2d 689, 693, the Supreme Court of Utah said:

> "In view of the medical testimony regarding the difficulty of detecting silicosis, we are constrained to hold that the definition of silicosis was intended as a guide for determining its presence and not as a group of hard and fast rules which must be met before an employee with silicosis or his dependents might recover."

■ While Drs. C and D admitted they did not know the statutory definition of silicosis, claimant does not point out and the record entirely fails to disclose that the terms of the statute differ from the medical view. Moreover, when informed of the statutory provisions on cross-examination, Dr. C declined to change his opinion that claimant did not have silicosis and that the fibrosis in his lung was "linear" as distinguished from "nodular". Dr. D's opinion was based on an identical view of the x-ray patterns.

There is therefore competent evidence to support the findings of the State Industrial Court.

Order sustained.