517 P.2d 1313

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Ersell HARRIS, Jr., Defendant and Appellant.**

**No. 12424.**

Supreme Court of Utah.

Jan. 7, 1974.

Jack W. Kunkler, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Ersell Harris, Jr., seeks to reverse his conviction by a jury of the crime· of forgery. He contends (1) that because he had been previously charged with the crime of issuing a fictitious check arising out of the same incident, which charge had been dismissed, he has been placed in jeopardy twice for the same offense; and (2) that he was denied the right of adequate representation by counsel.

▇▇▇▇ We accept without reservation defendant's urgence that he should not be subject to prosecution twice for the same offense. Section 12, Article I of our Utah Constitution provides:

>  .  .  .  nor shall any person be twice put in jeopardy for the *same offense*.[1]

The initial difficulty with the defendant's double jeopardy argument is that the two charges against him were not for the same crime. The first charge was for uttering a fictitious check in violation of Section 76–26–7, U.C.A.1953; and the subsequent charge of which he was convicted in this case is not "the same offense" but a different one, of forging and uttering a check

---

1. This is implemented by Secs. 77–1–10 and 77–24–13, U.C.A.1953; similar provision in U. S. Constitution Amendment V.

in violation of Section 76-26-1.[2] It is basic that the twice in jeopardy rule protects against subsequent prosecution only for the same offense.[3]

■ Supplementing what has been said above, there is an even more fundamental ground upon which we base this decision: that the defendant, in full awareness of his rights, and with the advice of competent counsel, having moved and obtained a dismissal of the prior charge on technical grounds, is not in a position to urge the defense of double jeopardy.

In the prior trial the following dialogue took place concerning the dismissal of the fictitious check charge:

Defendant's Counsel: And I have consulted with you regarding this particular motion for a dismissal of this case, have I not?

Mr. Harris: Yes, sir.

Mr. Barney: You understand that the state may still file a new charge on this case, and it may be that of forgery,

which would carry a penalty of one to twenty years?

Mr. Harris: Yes.

Mr. Barney: Nevertheless it is your desire, and was and is your desire that we proceed on your motion to dismiss, and have your case dismissed at this time, is that correct?

Mr. Harris: Yes.

The Court: Motion granted.

■ Inasmuch as the prior charge was dismissed on defendant's motion before there was any possibility of his being convicted, it was in accordance with proper and permissible procedure that the correct charge was filed and a trial had thereon.[4] The invariable rule is that if on appeal error has been found justifying a reversal, what the defendant is entitled to is another trial eliminating the error.[5] There should be no difference where the trial court has found error and either granted a mistrial, or a dismissal because of such error.[6] When a person is charged with committing an act which the law has prohibited as an

2. See State v. Jensen, 103 Utah 478, 483, 136 P.2d 949 (1943), to the effect that the offense of uttering a fictitious instrument . . . is a separate and distinct offense from that of uttering a forged instrument. . . .

3. See State v. Thatcher, 108 Utah 63, 157 P. 2d 258.

4. See, e. g., People v. Kelly, 132 Cal.App. 118, 22 P.2d 526, where defendant's counsel in effect requested and agreed to a mistrial, he was precluded from pleading double jeopardy on subsequent trial.

5. State v. Lawrence, 120 Utah 323, 234 P. 2d 600.

6. See State v. Jaramillo, 25 Utah 2d 328, 481 P.2d 394; and cf. State of Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), where, after jury had been sworn, a mistrial was declared, and over defendant's objection as to double jeopardy, he was convicted, and on appeal was affirmed.

offense against the peace and dignity of the state (the public), he is entitled to be accorded those protections and defenses which are included in our concept of due process of law, including a fair trial by jury to determine his guilt or innocence.[7] He should not be convicted of crime merely upon technicalities or foibles of the law; and by the same measure, he should not be released on such grounds. The proper safeguarding of the interests of the defendant, and of the public, requires that they both be entitled to a determination of the merits. This, and nothing more, is what has been done in this case.

In regard to the defendant's contention that he was denied effective counsel: we are impelled to remark that it is nothing less than shameful that our law seems to have degenerated to a point where whenever an accused is convicted of crime, the charge of incompetency of counsel is, with ever increasing frequency, leveled at capable attorneys who have given entirely adequate service, when the real difficulty was that he had a guilty client. In this respect also defendant had his entitlement of adequate representation by capable and conscientious counsel.[8]

Affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT, and TUCKETT, JJ., concur.

---

7. See Secs. 10, 11 and 12, Art. I, Utah Const.; Gallegos v. Turner, 17 Utah 2d 273, 409 P. 2d 386.

8. Alires v. Turner, 22 Utah 2d 118, 449 P. 2d 241.