Ersell HARRIS, Jr., Plaintiff and
Appellant,

v.

Samuel W. SMITH, Warden, Utah State
Prison, Defendant and Respondent.

No. 13859.

Supreme Court of Utah.

Oct. 2, 1975.

E. Barney Gesas, Salt Lake County Bar Legal Serv., Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, M. Reid Russell, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The appellant appeals from a denial of his petition for a writ of habeas corpus. The facts of the case are as follows:

Mr. Harris was originally charged with the crime of uttering a fictitious check, but on motion of his counsel, that charge was dropped, and a substitute charge of forgery was made. He was tried and found guilty of the latter offense and was duly and properly *sentenced* to serve an indeterminate period in prison. He appealed that case, claiming that he had twice been placed in jeopardy for the same offense. This court affirmed the conviction.[1]

---

1. 30 Utah 2d 354, 517 P.2d 1313 (1974).

Thereafter the trial court issued a commitment, and since the whereabouts of Mr. Harris was not known, a bench warrant was issued for his arrest. In the meantime, the statute had been amended so as to provide a lesser penalty for the crime of forgery.

■ Mr. Harris now claims that he is entitled to be resentenced pursuant to the statute in force and effect at the time he was *incarcerated*.

There is no merit to this contention. The cases of *State v. Miller*[2] and *Belt v. Turner*[3] dispose of this matter. In *State v. Miller* we held that the law in force at the time of *sentencing* governed and in *Belt v. Turner* we held that an amendment to the statute passed after sentence had been imposed had no effect on the matter.

■ Mr. Harris also claims that the complaint filed against him was defective in that it did not clearly inform him of the crime with which he was charged. It alleged that at the time and place aforesaid he "did utter and pass a certain instrument purporting to be a bank check, knowing the same to be forged," etc. He says that the allegation should have been "did utter as genuine," etc.

There are several reasons why there is no merit to this claim. In the first place, the objection is directed to the complaint, not to the information. In the second place, Section 77–21–8, U.C.A.1953, says that the information is valid and sufficient if it charges the offense by using the name given to it by statute, or by the common law or if it refers to a section of the statute creating the offense charged. All three methods mentioned above were used in the information. In the third place, the matter could have been raised on the appeal, and, therefore, it is not proper to raise it now by habeas corpus.[4]

Our statute[5] provides that where an information or indictment charges an offense by the methods outlined above but fails to inform the defendant of the particulars of the offense, the defendant is entitled to a bill of particulars containing the desired information. No request for a bill of particulars was made, and the defendant proceeded through trial without objecting to the information.

■ Mr. Harris makes one further claim, and that is that there is a denial of equal protection of the law to those who may be sentenced before the amendment and those who are sentenced afterwards.

There is no merit to this claim. The statute[6] contains a saving clause which properly respects court proceedings already performed. Besides, the point was not raised on the prior appeal or in the hearing in this matter below, and we need not pursue the matter further.

At the hearing in this matter the petitioner had the burden of convincing the trial court that his incarceration was unlawful. He offered no evidence, and his counsel made a statement of facts which, if true, would not justify a reversal by this court.

The judgment is affirmed. No costs are awarded.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., concurs in the result.

2. 24 Utah 2d 1, 464 P.2d 844 (1970).

3. 25 Utah 2d 230, 479 P.2d 791 (1971); rehearing, 25 Utah 2d 380, 483 P.2d 425 (1971).

4. *Schad v. Turner*, 27 Utah 2d 345, 496 P.2d 263 (1972).

5. Section 77–21–9, U.C.A.1953.

6. Section 76–1–103(2), U.C.A.1953 (1975 Pocket Supplement).