**STATE of Utah, Plaintiff and Appellee,**

v.

**Robin D. BAGSHAW, Defendant and Appellant.**

**No. 910299–CA.**

Court of Appeals of Utah.

Feb. 14, 1992.

Rehearing Denied March 9, 1992.

Elizabeth A. Bowman and Ronald S. Fujino, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Todd A. Utzinger, Salt Lake City, for plaintiff and appellee.

Before BENCH, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, Robin D. Bagshaw, appeals an Order to Reduce Conviction issued April 22, 1991. We conclude that the court erred in its interpretation and application of Utah Code Ann. § 76–3–402 (1990), in reducing defendant's two felony convictions to class A misdemeanor convictions instead of to class B misdemeanor convictions. Accordingly, we reverse and remand.

## BACKGROUND

The parties agree on the material facts. On June 12, 1989, defendant pled guilty to two counts of obtaining controlled substances by fraud, third degree felonies in violation of Utah Code Ann. § 58–37–8(4)(a)(ii) (Supp.1991). Defendant's sentences were suspended and defendant was placed on probation for eighteen months. Approximately twelve months later, Adult Probation and Parole filed a report with the court recommending that defendant's probation be terminated. The court approved the recommendation.

On April 22, 1991, after having successfully completed probation, defendant moved to reduce her felony convictions to class B misdemeanor convictions pursuant to Utah Code Ann. § 76–3–402 (1990). The court interpreted the statute to allow only a one-step reduction, and therefore ordered the convictions reduced one step to class A misdemeanors.

Defendant appeals, asserting that the court mistakenly interpreted and applied section 76–3–402. In its brief, the State, likewise, declares that the trial court erred.

## STANDARD OF REVIEW

 Statutory interpretation presents a question of law. *Ward v. Richfield City,* 798 P.2d 757, 759 (Utah 1990). Utah appellate courts review questions of law under a correction of error standard, without deference to the trial court. *Bellon v. Malnar,* 808 P.2d 1089, 1092 (Utah 1991); *Ward,* 798 P.2d at 759.

## ANALYSIS

The State and defendant urge that pursuant to section 76–3–402, defendant is entitled to have her felony convictions reduced to class B misdemeanors instead of class A misdemeanors as imposed by the trial court. At the time defendant moved to reduce her convictions, section 76–3–402[1] read in pertinent part:

> (1) If the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, concludes it would be unduly harsh to record the conviction as being for that category of offense established by statute and to sentence the defendant to an alternative normally applicable to that offense, the court may, unless otherwise specifically provided by law, enter a judgment of conviction for the next lower category of offense and impose sentence accordingly.

> (2) Whenever a conviction is for a felony, the conviction shall be deemed to be a misdemeanor if:

> (a) The judge designates the sentence to be for a misdemeanor and the sentence imposed is within the limits provided by law for a misdemeanor; or

> (b) The imposition of the sentence is stayed and the defendant is placed on probation, whether committed to jail as a condition of probation or not, and he is thereafter discharged without violating his probation.

Without specification, subsection (2) of the statute indicates that a felony conviction "shall be deemed to be a misdemeanor." A companion code section provides that "[a]n offense designated a misdemeanor, either in this code or in another law, without specification as to punishment or category, is a class B misdemeanor." Utah Code Ann. § 76–3–104(2) (1990). By reading sections 76–3–104(2) and 76–3–402(2)(b) together, defendant argues that the lack of specificity regarding the category of misdemeanor in section 76–3–402(2) mandates a reduction of her two felony convictions to class B misdemeanors. We agree.

 A fundamental principle of statutory construction is that "the terms of related code provisions should be construed in a harmonious fashion." *Grayson Roper Ltd. v. Finlinson,* 782 P.2d 467, 471–72 (Utah 1989). Furthermore, where statu-

---

**1.** Although inapplicable to the instant appeal, the statute was amended in 1991 and now provides in part:

> (1) If the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, concludes it would be unduly harsh to record the conviction as being for that degree of offense established by statute and to sentence the defendant to an alternative normally applicable to that offense, the court may unless otherwise specifically provided by law enter a judgment of conviction for the next lower degree of offense and impose sentence accordingly.

> (2) If a conviction is for a third degree felony the conviction is considered to be for a class A misdemeanor if:

> (a) the judge designates the sentence to be for a class A misdemeanor and the sentence imposed is within the limits provided by law for a class A misdemeanor; or

> (b)(i) the imposition of the sentence is stayed and the defendant is placed on probation, whether committed to jail as a condition of probation or not;

> (ii) the defendant is subsequently discharged without violating his probation; and

> (iii) the judge upon motion and notice to the prosecuting attorney, and a hearing if requested by either party or the court, finds it is in the interest of justice that the conviction be considered to be for a class A misdemeanor.

> (3) An offense may be reduced only one degree under this section unless the prosecutor specifically agrees in writing or on the court record that the offense may be reduced two degrees. In no case may an offense be reduced under this section by more than two degrees.

Utah Code Ann. § 76–3–402 (Supp.1991).

**1386**

tory language is clear and unambiguous, Utah courts do not look to legislative intent. *Brinkerhoff v. Forsyth*, 779 P.2d 685, 686 (Utah 1989); *State v. Singh*, 819 P.2d 356, 359 (Utah App.1991). Rather, they "are guided by the rule that a statute should generally be construed according to its plain language." *Brinkerhoff*, 779 P.2d at 686. "Unambiguous language in [a] statute may not be interpreted to contradict its plain meaning." *Bonham v. Morgan*, 788 P.2d 497, 500 (Utah 1989) (per curiam); *Johnson v. Utah State Retirement Bd.*, 770 P.2d 93, 95 (Utah 1988).

 The language of section 76–3–104(2) is clear and unambiguous. Where the code fails to specify the category of misdemeanor intended, it "is a class B misdemeanor." Section 76–3–402(2) indicates that, when probation is successfully completed, a felony conviction "shall be deemed to be a misdemeanor," but does not specify the level of misdemeanor. Hence, a consonant interpretation of the two statutes requires that upon successful completion of probation, a third degree felony conviction be reduced to a class B misdemeanor.

Additionally, defendant maintains that the specificity of section 76–3–402(2)(b) governs over the generality of section 76–3–402(1). Defendant argues that subsection (2)(b) specifically addresses the reduction of felony convictions after successful completion of parole; whereas, subsection (1), which requires conviction "for the next lower category of offense," pertains to offenses generally, and applies at the time of sentencing. Defendant claims that subsection (1) does not control subsection (2)(b) because the language of subsection (1) is permissive, and applies only "unless otherwise specifically provided by law." We agree.

 " '[W]here two statutes treat the same subject matter, and one statute is general while the other is specific, the specific provision controls.' " *Bagshaw v. Bagshaw*, 788 P.2d 1057, 1060 (Utah App. 1990) (quoting *Floyd v. Western Surgical Assocs., Inc.*, 773 P.2d 401, 404 (Utah App. 1989)). *See also Williams v. Public Serv. Comm'n*, 754 P.2d 41, 48 (Utah 1988).

CONCLUSION

Although the trial court may have correctly divined the legislative intent underlying section 76–3–402, we conclude that the court erred when it applied the statute in a manner inconsistent with the plain language of section 76–3–104(2). Therefore, defendant's two third degree felony convictions should be further reduced from class A to class B misdemeanor convictions.

Reversed and remanded for proceedings in accord with this opinion.

BENCH and ORME, JJ., concur.