**BONNEVILLE INTERNATIONAL CORPORATION, Petitioner,**

v.

**UTAH STATE TAX COMMISSION, Respondent.**

No. 920775–CA.

Court of Appeals of Utah.

Aug. 17, 1993.

---

Boyd J. Hawkins, Asst. Gen. Counsel, and Brian C. Johnson, Scott R. Ryther, Brent O. Hatch (Argued), Kimball, Parr, Waddoups, Brown & Gee, Salt Lake City, for petitioner.

Jan Graham, State Atty. Gen., Brian L. Tarbet (Argued), John C. McCarrey, Asst. Attys. Gen., Salt Lake City, for respondent.

Before BENCH, GREENWOOD and RUSSON, JJ.

## OPINION

GREENWOOD, Judge:

Bonneville International Corporation (Bonneville) petitions for review of a final decision of the Utah State Tax Commission (the Commission) denying a sales tax exemption for certain manufacturing equipment purchases made by Video West, one of Bonneville's divisions. We reverse.

## FACTS

Bonneville is a Utah corporation involved in radio and television broadcasting. Bonneville Communications and Video West are manufacturing and reproduction divisions of Bonneville. Bonneville Communications produces audio tapes and Video West produces video tapes. The two divisions perform their assembly, duplication and distribution activities at two separate locations and are financially independent of one another.

In 1990, Bonneville Communications and Video West each purchased certain pieces of machinery and equipment in order to expand their manufacturing capacities. Bonneville paid Utah sales taxes on these purchases. Bonneville requested an advisory opinion from the Commission regarding the possible application of a sales tax exemption for these purchases as set forth in Utah Code Ann. § 59–12–104(15) (1992). This statute provides in relevant part:

> The following sales and uses are exempt from the taxes imposed by this chapter:
>
> . . . .
>
> (15) Sales or leases of machinery and equipment purchased or leased by a manufacturer for use in new or expanding operations . . . in any manufacturing facility in Utah. *Manufacturing facility means an establishment described in SIC Codes 2000 to 3999 of the Standard Industrial Classification Manual 1972, of the federal Executive Office of the President, Office of Management and Budget.* For the purposes of this subsection, the commission shall by rule define "new or expanding operations" and "establishment."

(Emphasis added.)

The Commission issued an opinion, ruling that none of the purchases of Video West or Bonneville Communications qualified for this sales tax exemption. Bonneville filed a Petition for Redetermination and a formal hearing was held. After the hearing, Bonneville and the Commission agreed that Bonneville's Petition for Redetermination would be treated as a claim for refund of sales taxes paid.

On September 2, 1992, the Commission issued its findings of fact, conclusions of law, and final decision. In this decision, the Commission affirmed the parties' stipulation that Bonneville Communications's purchases were exempt from sales tax pursuant to Utah Code Ann. § 59–12–104(15). The Commission agreed that Bonneville Communications qualified for the exemption provided by statute because it was a manufacturing facility described in the Standard Industrial Classification Manual 1972, Codes 2000 to 3999 (SIC Codes). In particular, as a manufacturer of prerecorded magnetic tape, Bonneville Communications fell within SIC Code 3652, which includes:

Establishments primarily engaged in manufacturing phonograph records and pre-recorded magnetic tape.

Although finding that Video West was also a manufacturing facility engaged in the manufacture of pre-recorded magnetic tape, the Commission determined that Video West did not fit within Code 3652, or within any other manufacturing code between 2000 and 3999. In interpreting the language of SIC Code 3652, the Commission stated that the term "phonograph records" modified "pre-recorded magnetic tape," so as to limit the manufacturing facilities covered by Code 3652 to those manufacturing *audio* products only, thus excluding video tape production. To further bolster this conclusion, the Commission noted that the 1987 version of SIC Code 3652 appears to specifically limit activity code 3652 to audio media.[1]

After determining that manufacturing activity code 3652 was inappropriate, and rejecting the activity code suggested by the Auditing Division,[2] the Commission selected a "service"[3] code, code 7819, as the category most closely corresponding to Video West's activities. SIC Code 7819 reads:

Establishments primarily engaged in performing services independent of motion picture production but allied thereto, such as motion picture film processing, editing and titling; casting bureaus; wardrobe and studio property rental; television tape services (editing, transfers, etc.); and stock footage film libraries.

Again consulting the 1987 SIC Manual for guidance, the Commission noted that

"motion picture and video tape reproduction" services were expressly added to the updated version of activity code 7819.

Because the Commission determined that Video West was not classified as a manufacturer within SIC Codes 2000 to 3999, the Commission denied the sales tax exemption for Video West's equipment purchases. This petition for review followed.

## STANDARD OF REVIEW

Because this action was commenced after the effective date of the Utah Administrative Procedures Act, it is governed by the provisions set forth in Utah Code Ann. § 63–46b–1 through –22 (1989 & Supp. 1992). The Act states in relevant part:

(1) As provided by statute, the Supreme Court or the Court of Appeals has jurisdiction to review all final agency action resulting from formal adjudicative proceedings.

. . . .

(4) The appellate court shall grant relief only if, on the basis of the agency's record, it determines that a person seeking judicial review has been substantially prejudiced by any of the following:

. . . .

(d) the agency has erroneously interpreted or applied the law;

. . . .

(h) the agency action is:

(i) an abuse of the discretion delegated to the agency by statute;

Utah Code Ann. § 63–46b–16 (1987).

This statutory directive has been interpreted to require us to review cases

---

1. The statute at issue in this case refers expressly to the 1972 version of the SIC Codes, not the 1987 version.

2. The Auditing Division contended that video tape manufacture fit within SIC Code 7814 "Motion Picture and Tape Production For Television." The Commission rejected this position, observing that the notes following SIC Code 7814 specifically exclude video tape reproduction.

3. Division I of the 1972 SIC Manual covers the "service" industries encompassed in SIC Codes

7000 to 7999. The introduction to this division states:

This division includes establishments primarily engaged in providing a wide variety of services for individuals, business and government establishments, and other organizations. Hotels and other lodging places; establishments providing personal, business, repair, and amusement services; health, legal, engineering, and other professional services; educational institutions; membership organizations, and other miscellaneous services, are included.

involving the construction or application of statutes which do not grant discretion to the Commission under a correction of error standard. *Morton Int'l Inc., v. State Tax Comm'n,* 814 P.2d 581, 589 (Utah 1991). *See also King v. Industrial Comm'n,* 850 P.2d 1281, 1291 (Utah App.1993); *Ferro v. Department of Commerce,* 828 P.2d 507, 510 (Utah App.1992). Bonneville challenges the Commission's determination that for purposes of section 59–12–104(15), Video West's activities fall within SIC Code 7819 and not within SIC Code 3652. In determining the appropriate standard by which to review this challenge, we note that the statute is silent regarding Commission discretion to determine whether a manufacturer fits within the requisite SIC Codes. Consequently, there is no explicit grant of discretion to the Commission to interpret section 59–12–104(15) and the SIC Codes. *See Morton,* 814 P.2d at 589.

The Commission has not argued that a grant of discretion should be implied from the language of section 59–12–104(15). Inasmuch as there is only one permissible reading of section 59–12–104(15) and SIC Code 3652,[4] there is no question as to legislative intent that would imply a grant of discretion to the agency to interpret the terms. *Id.* at 588–89; *Ferro,* 828 P.2d at 510–11.[5] Because the language is unambiguous, we "interpret and apply the statutory language by the traditional methods of statutory construction." *King,* 850 P.2d at 1291. In interpreting section 59–12–104(15) by determining the scope of SIC Code 3652, and applying traditional rules of

statutory construction, we "assume[ ] that each term in the statute was used advisedly; thus the statutory words are read literally, unless such a reading is unreasonably confused or inoperable." *Savage Indus. v. State Tax Comm'n,* 811 P.2d 664, 670 (Utah 1991). "[A] statutory term should be interpreted and applied according to its usually accepted meaning, where the ordinary meaning of the term results in an application that is neither unreasonably confused, inoperable, nor in blatant contradiction of the express purpose of the statute." *Morton,* 814 P.2d at 590. Furthermore, " 'Unambiguous language in [a] statute may not be interpreted to contradict its plain meaning.' " *State v. Bagshaw,* 836 P.2d 1384, 1386 (Utah App.1992) (quoting *Bonham v. Morgan,* 788 P.2d 497, 500 (Utah 1989) (per curiam)).

Because we find no explicit or implied grant of discretion in section 59–12–104(15), we will review the Commission's interpretation under a correction of error standard.

## ANALYSIS

Bonneville contends that once the Commission found that Video West was a manufacturer, Video West automatically qualified for the exemption pursuant to Utah Code Ann. § 59–12–104(15) (1992). Bonneville argues that the statutory reference to activity codes 2000 through 3999 was simply "shorthand" for the legislative intent that any establishment involved in manufacturing qualifies for the exemption. Al-

---

**4.** While, strictly speaking, the SIC Codes are not "statutes," they are incorporated in section 59–12–104(15) and therefore function as part of the statute.

**5.** The Utah legislature recently addressed the standard of review to be used by Utah's appellate courts in reviewing formal adjudicative proceedings of the Utah State Tax Commission. Utah Code Ann. § 59–1–610 (1993) provides that:

(1) When reviewing formal adjudicative proceedings commenced before the commission, the Court of Appeals or Supreme Court shall:

(a) grant the commission deference concerning its written findings of fact, applying a substantial evidence standard on review; and

(b) grant the commission no deference concerning its conclusions of law, applying a correction of error standard, unless there is an explicit grant of discretion contained in a statute at issue before the appellate court.

(2) This section supersedes Section 63–46b–16 pertaining to judicial review of formal adjudicative proceedings.

Because the statutory language at issue in this case includes neither an explicit grant of discretion nor an implicit grant of discretion as described in *Morton,* the applicable standard of review is one of no deference pursuant to both this newly enacted statute and the law existing prior thereto. As a result, we need not determine in this case whether the statute should have retroactive application.

ternatively, Bonneville claims that Video West specifically qualifies for the manufacturing exemption because its activities fit squarely within the provisions of SIC Code 3652 in that Video West is engaged in the manufacture of pre-recorded magnetic tape. Bonneville correctly notes that the 1972 Manual, which by statute governs, does not specify that this code only applies to audio tapes. It was therefore improper for the Commission to refer to the 1987 Manual for guidance in interpreting the 1972 Codes. Further, even if it were permissible to refer to the 1987 Manual, Bonneville argues that Video West fits within Code 3652 because it *is* engaged in the production of audio tape—its audio tapes simply have the added dimension of a video component.

In response, the Commission argues that sales tax exemption statutes "should be strictly construed, and one who so claims has the burden of showing his entitlement to the exemption." *Parson Asphalt Prod. v. State Tax Comm'n*, 617 P.2d 397, 398 (Utah 1980). The Commission contends that it would be an impermissibly broad interpretation of section 59–12–104(15) to conclude that once Video West is found to be a manufacturer, the designation of its corresponding activity code becomes irrelevant. In addition, the Commission argues that strict construction of section 59–12–104(15) and SIC Code 3652 properly limits the sales tax exemption to manufacturers of *audio* pre-recorded magnetic tape.

 The plain language of SIC Code 3652 demonstrates the significance of the Commission's concession that Video West manufactures "pre-recorded magnetic tape." The "ordinary meaning" of the term "pre-recorded magnetic tape" expressly includes Video West's product.[6]

Because we are able to apply the ordinary meaning of the term "pre-recorded magnetic tape" and conclude that Video West squarely fits within SIC Code 3652, the Commission erred. It was inappropri-

ate for the Commission to have resorted to a later inapplicable version of the SIC Manual for direction as to legislative intent, or to have used additional tools of statutory construction. *Morton Int'l Inc., v. State Tax Comm'n*, 814 P.2d 581, 591 (Utah 1991). "[W]here statutory language is clear and unambiguous, Utah courts do not look to legislative intent." *State v. Bagshaw*, 836 P.2d 1384, 1385–86 (Utah App. 1992).

## CONCLUSION

We conclude that the Commission erroneously interpreted SIC Code 3652 when it determined that Video West's activities did not fall within its scope. This error constituted substantial prejudice because the Commission denied Bonneville a refund of sales taxes paid on Video West's equipment purchases. Accordingly, we reverse.

BENCH and RUSSON, JJ., concur.

---

6. There is no provision within the SIC Code limiting it to "audio" prerecorded magnetic tape. An agency may not alter the effect of a statute by adopting an interpretation that impos-

es additional terms not found in the statute. *Ferro*, 828 P.2d at 513–14. In this case, the Commission impermissibly attempted to rewrite SIC Code 3652 to include the term "audio."