STATE of Utah, Plaintiff and Appellee,

v.

Sheila J. SHIPLER, Defendant
and Appellant.

No. 930164–CA.

Court of Appeals of Utah

Feb. 9, 1994.

Roger K. Scowcroft, Ronald S. Fujino, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen., Marian Decker, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BILLINGS, P.J., and DAVIS and GREENWOOD, JJ.

BILLINGS, Presiding Judge:

Defendant Sheila J. Shipler appeals from an order denying her motion to reduce her conviction to a misdemeanor under Utah Code Ann. § 76–3–402(2)(b) (1990). We affirm.

FACTS

Defendant was charged with two counts of theft, second degree felonies, and one count of theft, a third degree felony, in violation of Utah Code Ann. § 76–6–404 (1990). In October 1990, pursuant to a plea agreement, defendant entered a guilty plea to one count of theft, a second degree felony, and the remaining counts were dismissed.

Before sentence was imposed, defendant filed a motion for a judgment of conviction for the next lower category of offense pursuant to Utah Code Ann. § 76–3–402 (1990).[1]

---

1. Utah Code Ann. § 76–3–402 (1990) provides:

(1) If the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, concludes that it would be unduly harsh to record the conviction as being for that category of offense established by statute and to sentence the defendant to an alternative normally applicable to that offense, the court may, unless otherwise specifically provided by law, enter a judgment of conviction for the next lower category of offense and impose sentence accordingly.

(2) Whenever a conviction is for a felony, the conviction shall be deemed to be a misdemeanor if:

In November 1990, the trial court granted her motion and imposed sentence for a third degree felony. The sentence was suspended, and defendant was placed on probation for thirty-six months.

In August 1991, Adult Probation and Parole (AP & P) reported that defendant had satisfied all conditions of probation. AP & P recommended that her probation be terminated as successful, and the trial court so ordered in October 1991. In December 1992, defendant moved to reduce her third degree felony conviction to a misdemeanor under Utah Code Ann. § 76–3–402(2)(b) (1990). The State objected to the motion, arguing that defendant had not met the requirements of section 76–3–402(2)(b).

In February 1993, the trial court held a hearing on defendant's motion. The State urged the trial court to apply the 1991 amendments to the reduction statute, Utah Code Ann. § 76–3–402(3) (Supp.1993), which became effective April 29, 1991, and deny the motion.[2] The trial court applied the 1990 statute but denied defendant's motion, concluding that section 76–3–402(2)(b) "does not authorize reducing defendant's conviction to a misdemeanor because the imposed sentence was executed by the Court."

Defendant appeals from the order denying her motion to reduce her conviction to a misdemeanor. She argues that the trial court erred in failing to reduce the conviction

(a) The judge designates the sentence to be for a misdemeanor and the sentence imposed is within the limits provided by law for a misdemeanor; or

(b) The imposition of the sentence is stayed and the defendant is placed on probation, whether committed to jail as a condition of probation or not, and he is thereafter discharged without violating his probation.

(3) Nothing in this section shall be construed to preclude any person from obtaining or being granted an expungement of his record as provided by law.

2. The revised statute, Utah Code Ann. § 76–3–402 (Supp.1993), provides in relevant part:

(2) If a conviction is for a third degree felony the conviction is considered to be for a class A misdemeanor if:

(a) the judge designates the sentence to be for a class A misdemeanor and the sentence imposed is within the limits provided by law for a class A misdemeanor; or

because the imposition of sentence was stayed and hence, under the 1990 statute, reduction was proper. The State responds that defendant has no right to a reduction, as the 1991 statute allows only one reduction absent prosecutorial consent, and alternatively that she has no right to a reduction under either the 1990 or 1991 version because the imposition of her sentence was not stayed, only its execution.[3]

## STANDARD OF REVIEW

Defendant challenges the trial court's interpretation of section 76–3–402, which presents a question of law. *Ward v. Richfield City,* 798 P.2d 757, 759 (Utah 1990). This court "review[s] questions of law under a correction of error standard, without deference to the trial court." *State v. Bagshaw,* 836 P.2d 1384, 1385 (Utah App.1992). We are also guided in our analysis by the principle that this court "may affirm the trial court's decision on any proper grounds, even though the trial court assigned another reason for its ruling." *State v. Bryan,* 709 P.2d 257, 260 (Utah 1985).

## APPLICATION OF SECTION 76–3–402(2)

The State argues on appeal that defendant's right to a second reduction in her sentence did not mature until October 1991,

(b)(i) the imposition of the sentence is stayed and the defendant is placed on probation, whether committed to jail as a condition of probation or not;

(ii) the defendant is subsequently discharged without violating his probation; and

(iii) the judge upon motion and notice to the prosecuting attorney, and a hearing if requested by either party or the court, finds it is in the interest of justice that the conviction be considered to be for a class A misdemeanor.

(3) An offense may be reduced only one degree under this section unless the prosecutor specifically agrees in writing or on the court record that the offense may be reduced two degrees. In no case may an offense be reduced under this section by more than two degrees.

3. In light of our holding that the 1991 statute applies and therefore that defendant was not entitled to a second offense reduction, we do not reach the State's alternative argument.

when she successfully completed probation.[4] The State therefore insists that the 1991 version is controlling and that under this statute defendant has no right to a second reduction because the statute expressly prohibits a reduction of more than one degree without the prosecutor's consent.[5] Utah Code Ann. § 76–3–402(3) (Supp.1993). We agree.

This court has never considered whether it is appropriate to apply a reduction statute effective at the time of sentencing[6] or at the time the defendant moves for a reduction after successfully completing probation. In *State v. Bagshaw*, 836 P.2d 1384 (Utah App. 1992), we applied, without analysis, the version of section 76–3–402 that existed "[a]t the time defendant moved to reduce her convictions." *Id.* at 1385. The defendant moved to reduce her convictions one week before the effective date of the 1991 amendments; accordingly, we applied the 1990 version of the statute. *Id.* at 1384–85.

The result in *Bagshaw* is consistent with the general proposition that " 'no one has a vested right in any rule of law.' " *Berry ex rel. Berry v. Beech Aircraft*, 717 P.2d 670, 675 (Utah 1985) (quoting *Masich v. United States Smelting Co.*, 113 Utah 101, 124, 191 P.2d 612, 624, *appeal dismissed*, 335 U.S. 866, 69 S.Ct. 138, 93 L.Ed. 411 (1948)). This proposition also comports with the "general rule ... that 'the substantive law to be applied throughout an action is the law in effect at the date the action *was initiated*.' " *Mar-*

*shall v. Industrial Comm'n*, 704 P.2d 581, 582 (Utah 1985) (emphasis added) (quoting *Department of Social Serv. v. Higgs*, 656 P.2d 998, 1000 (Utah 1982)).

Analyzing the vesting of rights in other contexts suggests that rights accrue only when the prerequisites for filing an action are fulfilled. For example, in an action for wrongful birth and wrongful life, the Utah Supreme Court held that the causes of action did not accrue until the birth of the gravely ill child because, until that time, neither the parents nor the child had suffered the injury necessary to sustain their causes of action in tort. *Payne ex rel. Payne v. Myers*, 743 P.2d 186, 188–90 (Utah 1987). In deciding when the claim accrued, the court clarified:

> "The true test is to ascertain the time when the plaintiff[s] could first have maintained [their] action to a successful result. A cause of action accrues when the person in whose favor it arises is first entitled to institute a judicial proceeding for the enforcement of his [or her] rights."

*Id.* at 189 (quoting 1 Am.Jur.2d *Actions* § 88 (1962)); *accord Gay Hill Field Serv. v. Board of Review*, 750 P.2d 606, 609 (Utah App.1988). Similarly, the supreme court in an earlier case explained that "a right is not 'vested' until it is something more than such a mere expectation as may be based upon an anticipated continuation of the present laws." *Silver King Coalition Mines Co. v. Industrial Comm'n*, 2 Utah 2d 1, 6, 268 P.2d 689, 692 (1954).

---

**4.** Defendant argues in her reply brief that the State failed to preserve this issue for appeal. However, our review of the record reveals that the State did argue before the trial court that the amended version of the statute should govern. The State specifically argued that subsection (3) of the 1991 version clearly prohibited defendant's action for a second reduction. *See* Utah Code Ann. § 76–3–402(3) (Supp.1993).

**5.** The prosecutor in this case opposed an additional reduction.

**6.** Defendant advances the proposition "that the law in force at the time of sentencing governed and ... that an amendment to the statute passed after sentence was imposed had no effect on the matter." *Harris v. Smith*, 541 P.2d 343, 344 (Utah 1975) (emphasis omitted) (citing *State v. Miller*, 24 Utah 2d 1, 464 P.2d 844 (1970); *Belt v. Turner*, 25 Utah 2d 230, 479 P.2d 791, *reaff'd on reh'g*, 25 Utah 2d 380, 483 P.2d 425 (1971)). The

authority cited requires application of the law at the time of sentencing to ensure that the proper penalty is imposed for the offense committed. An amendment to a penalty statute must become effective before a defendant is sentenced in order to affect the sentence imposed on that defendant. *Smith v. Cook*, 803 P.2d 788, 792–93 (Utah 1990).

However, the issue before us is not whether the initial sentence was appropriate; instead, it is whether defendant's performance on probation justifies a reduction in her record of conviction. The 1991 amendments to the reduction statute go not to defendant's sentence but rather to circumstances that may have arisen at the completion of her sentence. Because reduction of her conviction is separate and distinct from the sentence initially imposed, defendant's reliance on *Harris* is misplaced.

In order to escape the prohibition against more than one reduction in the 1991 version of section 76–3–402, defendant must establish she had a vested right to a reduction of her conviction under the 1990 statute. This she cannot do. Under either version of the statute, a reduction is proper only after a defendant on probation is discharged without violating his or her probation. Utah Code Ann. § 76–3–402(2)(b)(ii) (Supp.1993); *id.* § 76–3–402(2)(b) (1990). In other words, a probationer has no right to a reduction until he or she successfully completes probation; until that time, he or she is not entitled to have a conviction reduced.

In the instant case, defendant moved the trial court to sentence her pursuant to Utah Code Ann. § 76–3–402 (1990). The court granted her motion and entered a conviction for the next lower category of offense. Defendant was placed on probation, which she did not successfully complete until October 1991. More than one year later, she filed a second motion for reduction as she believed she had satisfied the preconditions for a second reduction. However, by that time, the 1991 statute contained a new provision preventing her from obtaining a second reduction without prosecutorial consent.

Defendant contends that application of the 1991 amendments "implicates serious procedural deficiencies and notice violations." In substance this attack amounts to a claim that our conclusion imposes a retroactive application of the statute. We disagree.

A retroactive law " 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past.' " *Payne,* 743 P.2d at 190 (quoting *Silver King,* 2 Utah 2d at 6, 268 P.2d at 692). As described above, because defendant had no vested right to a reduction until she completed probation, application of the amended law cannot impair what she did not have.

## CONCLUSION

We conclude that defendant was not entitled to a second offense reduction because the amended reduction statute applies. We therefore affirm the order denying defendant's motion for a reduction.

DAVIS and GREENWOOD, JJ., concur.