2000 Utah Ct. App. 49

RALPH L. WADSWORTH CONSTRUC-
TION, INC.; and Draper Land Limited
Partnership, a Utah limited partnership,
Plaintiffs and Appellants,

v.

WEST JORDAN CITY, a body corporate
and politic of the State of Utah,
Defendant and Appellee.

No. 990467–CA.

Court of Appeals of Utah.

Feb. 25, 2000.

Dennis K. Poole and Stacy L. Sullivan,
Dennis K. Poole & Associates PC, Salt Lake
City, for Appellants.

Greg Curtis and Kevin R. Watkins, West
Jordan City Prosecutor, West Jordan, for
Appellee.

Before Judges BILLINGS, DAVIS, and WILKINS.[1]

## OPINION

WILKINS, Judge:

¶ 1 Appellants Draper Land Limited Partnership and Ralph W. Wadsworth Construction, Inc. challenge the trial court's order upholding the West Jordan City Council's decision denying appellants' application for a conditional use permit for outdoor storage of construction equipment. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2 Appellants own approximately five acres of land located in West Jordan, Utah, on which they intended to build a warehouse and office building. Appellants also planned to store heavy construction equipment such as trucks and tractors on the property. Although the property is zoned M–1, which permits light manufacturing and construction services, West Jordan zoning ordinances define open storage as a conditional use requiring approval by the West Jordan Planning and Zoning Commission (Commission). *See* West Jordan, Utah, Ordinance § 10–9–102(f) (1991).

¶ 3 In May 1998, appellants applied to the Commission for a conditional use permit to store heavy construction equipment on the property. On June 24, 1998, the Commission met to consider appellants' application. An employee of Dannon Foods attended the meeting and expressed her concern that open storage on appellants' property "would induce rodent traffic." Other neighboring property owners also attended the meeting and expressed their concern over possible dust problems associated with open storage. The Commission voted to postpone its decision pending further investigation and directed its staff to explore the various issues surrounding appellants' conditional use application.

¶ 4 The Commission's staff issued two reports detailing their findings in June 1998. One report recommended the denial of appellants' conditional use application while the other advised the Commission to approve the same application. The Commission met to reconsider appellants' conditional use application on June 15, 1998. After hearing public comment and reviewing the information contained in the staff reports, the Commission denied appellants' conditional use permit request.

¶ 5 In July 1998, appellants filed an appeal with West Jordan City, which directed appellants to submit their appeal to the West Jordan City Council (City Council), a legislative body. Appellants objected, arguing the Board of Adjustment, an executive body, was the proper body to hear the appeal. The City of West Jordan disagreed, however, and informed appellants that the City Council would hear their appeal.

¶ 6 At a meeting on October 6, 1998, the City Council again reviewed the information provided by the Commission's staff and also took further public comment from those with an interest in appellants' request for a conditional use permit. At the close of the meeting, the City Council voted to uphold the Commission's denial of appellants' conditional use application, and in doing so adopted the findings of fact set forth in the Commission's decision.

¶ 7 Appellants then filed an action in the Third District Court requesting that the trial court order the Board of Adjustment to hear its appeal and direct West Jordan City to grant it a conditional use permit. Both parties filed motions for summary judgment. Following a hearing on the matter, the trial court granted appellee's motion, concluding that the City Council's "actions in denying the conditional use permit were [not] arbitrary, capricious or illegal." This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

¶ 8 We address two issues on appeal. First, we consider whether the trial court

---

1. Justice Wilkins heard the arguments in this case and participated in its resolution prior to his swearing-in as a member of the Utah Supreme Court.

erred in concluding the City Council had jurisdiction over appellants' appeal of the Commission's denial of their conditional use application. Second, we address whether the City Council acted arbitrarily and capriciously in denying appellants' conditional use application.

¶ 9 We review a trial court's entry of summary judgment for correctness, according no deference to its legal conclusions. *See Utah Farm Bureau Ins. Co. v. Crook,* 1999 UT 47, ¶ 3, 980 P.2d 685. Summary judgment is appropriate only where no genuine issues of material fact exist and where the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). However, our review of a municipality's land use decision is limited to determining "whether ... the decision is arbitrary, capricious, or illegal." Utah Code Ann. § 10–9–1001(3)(b) (1999). "A municipality's land use decision [concerning the granting or denial of a conditional use permit] is arbitrary and capricious [only] if it is not supported by substantial evidence." *Springville Citizens v. City of Springville,* 1999 UT 25, ¶ 24, 979 P.2d 332.

## ANALYSIS

### I. City Council's Jurisdiction

■ ¶ 10 As a threshold matter, appellants argue that the City Council, a legislative body, did not have jurisdiction to review the Commission's denial of the conditional use application. We disagree.

¶ 11 West Jordan City Ordinance section 10–1–111 specifically provides that "[a]ny person, organization, corporation or governmental unit shall have the right to *appeal to the City Council decisions rendered by the ... Commission* dealing with Conditional Use Permits." West Jordan, Utah, Ordinance § 10–1–111 (1991) (emphasis added). Appellants contend this ordinance is invalid because when it was enacted, municipalities were not authorized to designate a legislative body to hear zoning appeals. To support this argument, appellants cite Utah case law holding "that the authority to resolve zoning disputes is properly an executive function rather than a legislative one." *Scherbel v.*

*Salt Lake City Corp.,* 758 P.2d 897, 899 (Utah 1988).

¶ 12 However, section 10–9–407 of the Utah Code, in effect at the time appellants sought review of the Commission's decision, provides that "[t]he board of adjustments has jurisdiction to decide appeals of the approval or denial of conditional use permits *unless the legislative body has enacted an ordinance designating the legislative body* or another body as the appellate body for those appeals." Utah Code Ann. § 10–9–407(2) (1999) (emphasis added). We have previously stated that "[t]he general rule followed in Utah is that 'the substantive law to be applied throughout an action is the law in effect at the date the action was initiated.'" *Wilde v. Wilde,* 969 P.2d 438, 442 (Utah Ct.App. 1998) (quoting *State v. Shipler,* 869 P.2d 968, 970 (Utah Ct.App.1994)). In this case, appellants' complaint seeking review of the City Council's denial of the conditional use permit was dated October 23, 1998, subsequent to the amendment of section 10–9–407 permitting a city to designate a legislative body to review zoning decisions. Under the conditional use statute in effect at the time appellants appealed to the district court, the city had the authority to designate a legislative body to hear zoning appeals. *See* Utah Code Ann. § 10–9–407 (1999). Therefore, at the time appellants sought review of the Commission's decision, the City Council was clearly authorized to review the Commission's denial of appellants' conditional use application.

¶ 13 Appellants have failed to cite any authority in support of the proposition that West Jordan City Ordinance 10–1–111 would need to be re-enacted in order to be effective at the time appellants sought review of the denial of the conditional use permit. We are unaware of any such requirement under these circumstances. As such, the City Council was properly designated to hear zoning appeals pursuant to the amended version of section 10–9–407 and West Jordan City Ordinance 10–1–111. Thus, we conclude the City Council had jurisdiction to review the appeal from the Commission's denial of appellants' conditional use application.

## II. Conditional Use Application

¶ 14 We next address appellants' argument that summary judgment was improper because the City Council's decision to deny the conditional use permit was arbitrary, capricious, and illegal. Appellants contend the denial of the conditional use application was arbitrary and capricious because the City Council's decision was not supported by substantial evidence. We agree.

¶ 15 West Jordan City ordinance 10–9–102(f) permits outdoor storage in M–1 zones if the "storage is (1) located behind the front ... and the street side building line ... (2) is screened from the street with an ... [adequate] fence ... as determined by the Planning Commission" and, (3) is not "deemed by the Planning Commission or City Council to be a nuisance." West Jordan, Utah, Ordinance § 10–9–102(f) (1991). In this case, the City Council made no finding that appellants were unable or unwilling to comply with the ordinance. Instead, the City Council chose to deny appellants' application for the following reasons:

> (1) The city has made a significant investment in bringing Dannon to the area and the attributes which attracted Dannon to the area need to be maintained. Outdoor storage is detrimental to the area, making the area less attractive and injurious to the goals of the city.
>
> (2) Outdoor storage may be considered to be a nuisance to neighboring property owners.
>
> (3) Outdoor storage would encompass the majority of the parcel. The area and intensity of outdoor storage is much different than that of neighboring properties.
>
> (4) Outdoor storage is detrimental to existing and future businesses in the area and is not harmonious with the goals of the city.

¶ 16 West Jordan argues that these findings are sufficient in light of the "great deal of deference" owed to the City Council's decision. *Springville Citizens*, 1999 UT 25 at ¶ 23, 979 P.2d 332. However, there is a significant distinction in the degree of deference owed a municipality's land use decision depending on whether it is made while "the decision-making body is acting in a legislative capacity or an administrative/adjudicative capacity." *Harmon City, Inc. v. Draper City*, 2000 Utah Ct. App. 031, ¶ 8, 997 P.2d 321. Review of a legislative action of a municipality " 'is endowed with a presumption of validity,' " *id.* at ¶ 12 (citation & emphasis omitted), while review of a municipality's administrative/adjudicative decision focuses on whether it is supported by substantial evidence. *See id.* at ¶ 8 n. 5. Here, the City Council was acting in an administrative/adjudicative capacity when it denied appellants' conditional use application. Therefore, the issue we must determine is whether the City Council's denial of appellants' application is supported by substantial evidence. We conclude it was not.

¶ 17 In denying appellants' application, the City Council relied on its finding that "[t]he city has made a significant investment in bringing Dannon to the area and ... [o]utdoor storage is detrimental to the area ... and injurious to the goals of the city." However, the only evidence in the record supporting this finding are the concerns expressed by neighboring landowners. The record does not reveal whether the Commission's staff actually investigated the concerns raised at the public hearing or why they concluded that outdoor storage on appellants' property—which is located in an M–1 zone— would be adverse to the city's goals. Because the decision to deny an application for a conditional use permit may not be based solely on adverse public comment, *see Davis County v. Clearfield City*, 756 P.2d 704, 711–12 (Utah Ct.App.1988), we conclude this finding is insufficient to support the City Council's denial of appellants' application.

¶ 18 Similarly, the sole evidence supporting the City Council's determination that appellants' outdoor storage "may be considered ... a nuisance" are the concerns raised by the neighboring property owners regarding potential increases in "rodent traffic" and dust. Although section 10–9–102(f) authorized the City Council to deny appellants' application if it was "deemed ... a nuisance," the City Council *did not find that appellants' storage would actually constitute a nuisance.* Thus, this finding was also in-

sufficient to justify denial of appellants' conditional use application. Also, there is insufficient evidence to support the City Council's finding that appellants' proposed storage "is much different than that of neighboring properties" and would be "detrimental to existing and future business in the area." To the contrary, the evidence shows there are several other parcels near appellants' property which have outdoor storage areas similar to that proposed by appellants. We fail to see how allowing appellants to engage in outdoor storage in an M–1 zone would be detrimental to other businesses in the area that also use their land for outdoor storage. In light of the foregoing, we conclude the City Council's decision to deny appellants' conditional use application was not supported by the evidence and was therefore arbitrary and capricious. Thus, we reverse the trial court's grant of summary judgment and remand for proceedings consistent with this opinion.

## CONCLUSION

¶ 19 We conclude the trial court correctly determined that the City Council had jurisdiction over appellants' appeal of the Commission's decision. However, we hold that the City Council's denial of appellants' conditional use application was arbitrary, capricious, and without sufficient factual basis. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

¶ 20 WE CONCUR: JAMES Z. DAVIS, Judge, and JUDITH M. BILLINGS, Judge