2004 UT App 310

**AMALGAMATED TRANSIT UNION, LOCAL 382, an unincorporated labor organization; and Caroline Jolley–Christensen, an individual, Plaintiffs and Appellees,**

v.

**UTAH TRANSIT AUTHORITY, a Utah incorporated special transit district, Defendant and Appellant.**

No. 20020764–CA.

Court of Appeals of Utah.

Sept. 10, 2004.

---

Desiree D. Peri and Kathryn H.S. Pett, Utah Transit Authority, Salt Lake City, for Appellant.

Joseph E. Hatch, Murray, for Appellees.

Before Judges BILLINGS, BENCH, and THORNE.

## OPINION

BENCH, Associate Presiding Judge:

¶ 1 Utah Transit Authority (UTA) appeals from a summary judgment entered in favor of Amalgamated Transit Union (the Union) and Caroline Jolley–Christensen (Christensen). We reverse and remand.

## BACKGROUND [1]

¶ 2 In April 1999, the Union and UTA entered into a Collective Bargaining Agreement (CBA) that would run through December 2003. Article 7 of the CBA specifically addresses probation and termination of new employees:

> All employees shall be on probation until they have worked one hundred ten (110) days. During such period UTA is the sole judge of ability, competency, fitness and qualifications to perform work. This judgment shall not be subject to the grievance or arbitration procedure. Otherwise, the

---

1. Because UTA appeals from summary judgment entered against it, we recite the facts in the light most favorable to it. *See Kouris v. Utah Highway Patrol*, 2003 UT 19, ¶ 5, 70 P.3d 72.

Union shall have the right to represent the employee.

¶ 3 In July 2000, Christensen was terminated prior to the completion of her probationary period of employment. Upon learning of Christensen's termination, the Union requested, by letter, a review of the termination. UTA responded by stating that, under Article 7, a judgment made by UTA concerning a probationary employee's "ability, competency, fitness and qualifications to perform work" was not subject to review. The Union wrote to UTA, claiming that because Christensen's termination was based on attendance problems, the termination should be subject to arbitration. UTA again denied any review of Christensen's termination.

¶ 4 The Union and Christensen subsequently filed a complaint in district court, seeking an order to compel arbitration. In its answer, UTA denied the legal premise of the Union's claim, and both parties filed cross-motions for summary judgment. Following arguments on the motions for summary judgment, the trial court granted the Union's motion for summary judgment and denied UTA's motion. The court ordered arbitration to determine whether the termination of Christensen was based on her "abilities, competency, fitness, and qualifications to perform work," and, if Christensen was terminated for reasons other than performance, to arbitrate the merits of the termination.

¶ 5 UTA appeals the trial court's order compelling arbitration. UTA also filed with the trial court a motion for stay pending appeal, which was granted. The Union filed a motion to dismiss the appeal for lack of subject matter jurisdiction on the ground that a party cannot appeal an order compelling arbitration.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 We must first determine whether we have subject matter jurisdiction to decide this appeal. The Union contends that we lack jurisdiction because a party cannot appeal an order compelling arbitration. "The determination of whether a court has subject matter jurisdiction is a question of law." *Beaver County v. Qwest, Inc.*, 2001 UT 81, ¶ 8, 31 P.3d 1147.

¶ 7 UTA contends that (1) under the CBA and the relevant statute, the trial court—and not the arbitrator—must determine whether Christensen's termination was subject to arbitration, and (2) because there were genuine issues of material fact regarding the termination, the trial court erroneously granted summary judgment. "We review a trial court's entry of summary judgment for correctness, according no deference to its legal conclusions." *Ralph L. Wadsworth Constr. v. West Jordan*, 2000 UT App 49, ¶ 9, 999 P.2d 1240. Furthermore, "[s]ummary judgment is appropriate only where no genuine issues of material fact exist and where the moving party is entitled to judgment as a matter of law." *Id.* (citing Utah R. Civ. P. 56(c)).

## ANALYSIS

### I. Jurisdiction

¶ 8 At the outset, the Union contends that this court lacks jurisdiction to hear this appeal. We disagree. The Utah Constitution provides that "there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction over the cause." Utah Const. art. VIII, § 5. The appellate process is outlined by statute and rule. This appeal was properly filed in the Utah Supreme Court, pursuant to section 78-2-2(3) of the Utah Code, and then transferred to this court pursuant to section 78-2-2(4). *See* Utah Code Ann. § 78-2-2 (2002).

¶ 9 Furthermore, rule 3(a) of the Utah Rules of Appellate Procedure provides that "[a]n appeal may be taken from a district or juvenile court to the appellate court with jurisdiction over the appeal from all final orders and judgments, except as otherwise provided by law." Utah R.App. P. 3(a). The parties agree that the order compelling arbitration in the instant case is a final order. In its brief, the Union concedes as follows:

The reason for the Union's view that the subject Order to Arbitrate is a final order is because the Union was granted by the

[d]istrict [c]ourt full relief and no issues remain unresolved with the [d]istrict [c]ourt. Further, often orders to compel arbitration are accompanied with an order staying further court proceedings, until such time as the arbitrator rules. In the case at hand, there were no [corollary] court proceedings to stay. Thus, the Union believes that the best view is that the subject Summary Judgment and Order to Arbitrate was a final order.

¶ 10 Although the Union concedes that the court's order compelling arbitration is a final order, it argues that the order is nonetheless not appealable because an order compelling arbitration was not explicitly provided under the applicable version of Utah Code section 78–31a–19. This statute provides as follows:

An appeal may be taken ... from any court order:

(1) denying a motion to compel arbitration;

(2) granting a motion to stay arbitration;

(3) confirming or denying confirmation of an arbitration award;

(4) modifying or correcting an award; or

(5) vacating an award without directing rearbitration.

Utah Code Ann. § 78–31a–19 (2002) (repealed effective May 15, 2003).

▮ ¶ 11 The provision of rule 3(a) "except as otherwise provided by law" cannot logically be intended to limit appeals of final orders of the district court, where additional appeals are provided for by statute. Utah R.App. P. By enacting Utah Code section 78–31a–19, the legislature added to, rather than subtracted from, the situations where an appeal may be filed as a matter of right. *See* Utah Code Ann. § 78–31a–19. Hence, a party can appeal from the orders listed in section 78–31a–19 which might otherwise not be considered final and appealable.

▮ ¶ 12 This position is supported by the most recent version of the arbitration statute. In 2003, the legislature added a provision to former section 78–31a–19, expressly providing that an appeal may be taken from "a final judgment entered pursuant to this chapter." Utah Code Ann. § 78–31a–129(1)(f) (2002) (effective May 15, 2003). We believe this amendment clarifies what the law has always been, and must therefore be given retroactive application. *See Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n,* 953 P.2d 435, 440 (Utah 1997) (holding that "statutory amendments that merely clarify an ambiguity in an original statute will be given retroactive effect").

¶ 13 Undisputedly, this appeal is from a final order of the district court. Having granted the order compelling arbitration, there is nothing left for the district court to rule upon. Further, this appeal was properly filed in the supreme court and then transferred to us. Therefore, we cannot dismiss for lack of jurisdiction, but must decide the merits of the appeal.

## II. Arbitrability

▮ ¶ 14 UTA argues that, under Article 7 of the CBA, the Union has no recourse to arbitration for Christensen's termination. While it is undisputed that Christensen was still on probation when she was terminated, UTA and the Union present opposing views of whether the Union can represent Christensen under the terms of the CBA. UTA argues that it had an absolute right to terminate probationary employees for any reason relating to the employee's "ability, competency, fitness and qualifications to perform work." The Union, however, contends that Christensen was not terminated for "ability, competency, fitness and qualifications to perform work," and hence, the Union has a right to represent Christensen.

¶ 15 Under the plain language of the CBA, UTA clearly has the right to terminate a probationary employee for any reason relating to job performance. If, however, termination was for reasons other than job performance, the Union can properly represent Christensen in grievance or arbitration proceedings. In other words, if Christensen's termination was for performance-related reasons, arbitration is precluded. The trial court must therefore decide whether Christensen's termination is subject to arbitration before sending the case to arbitration.

¶ 16 This interpretation of the CBA is consistent with the provisions of section 78–31a–4(1) of the Utah Code:

The court, upon motion of any party showing the existence of an arbitration agreement, shall order the parties to arbitrate. *If an issue is raised concerning* the existence of an arbitration agreement or *the scope of the matters covered by the agreement, the court shall determine those issues and order or deny arbitration accordingly.*

Utah Code Ann. § 78–31a–4(1) (2002) (emphasis added). Here, the parties disagree as to whether Christensen's termination is subject to arbitration. Clearly, under section 78–31a–4(1), the trial court must determine the arbitrability issue, and not submit that threshold question to an arbitrator. Therefore, the trial court erred in submitting the threshold arbitrability question to an arbitrator.

## CONCLUSION

¶ 17 We conclude that this court has jurisdiction to hear this appeal because the order to compel arbitration is a final appealable order. We also conclude that the trial court erred in not determining whether the termination was arbitrable. We therefore reverse the trial court's grant of summary judgment and remand for further proceedings.

¶ 18 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and WILLIAM A. THORNE JR., Judge.